**Catherine V. COLLINS, Appellant**

v.

**Bruce R. JAMES, Public Printer, United States Government Printing Office, Appellee.**

**No. 04–5428.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 29, 2005.

Lisa Smith Sanders, Sanders & Sanders, Upper Marlboro, MD, for Appellant.

Kenneth L. Wainstein, U.S. Attorney, R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Uldric L. Fiore, Jr., U.S. Attorney's Office, Civil Appellate, Washington, DC, for Appellee.

Before: SENTELLE, RANDOLPH, and ROGERS, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court

for the District of Columbia and on the briefs of the parties. The court has determined that the issues presented occasion no need for an opinion. *See* D.C. Cir. R. 36(b).

Catherine Collins, an employee of the Government Printing Office ("GPO"), suffered a "severe cervical strain" while on the job in August 2000. In January 2004, Collins filed a civil suit, alleging the GPO failed to accommodate her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796/. In October 2004, the District Court granted the GPO's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), holding that the GPO is not subject to the provisions of the Rehabilitation Act. Collins timely appealed.

It is undisputed that the Rehabilitation Act, by its own terms, does not apply to the GPO. *See* 29 U.S.C. § 791(b) (limiting the statute's applicability to *executive* branch employees); *Thompson v. Sawyer*, 678 F.2d 257, 264 (D.C.Cir.1982) ("The Government Printing Office is a unit of the *legislative* branch ...." (emphasis added)). It is also undisputed that the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301–1438, extends rights under the Rehabilitation Act to certain "covered employees" in the legislative branch, but GPO employees are not "covered." *See id.* §§ 1302(a)(10), 1311(a)(3), 1301(3); *see also* Pub.L. No. 104–1, § 201(c), 109 Stat. 8 (codified as amended at 42 U.S.C. § 2000e–16, 29 U.S.C. § 633a(a), 42 U.S.C. § 12209) (extending some antidiscrimination laws—but not the Rehabilitation Act—to cover the GPO). We cannot rewrite these statutes to create federal subject matter jurisdiction over Appellant's Rehabilitation Act claim. *See Kontrick v. Ryan*, 540 U.S. 443, 452, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.") (citing U.S. Const., Art. III, § 1).

Appellant also argues that she should have an opportunity to amend her complaint. However, Appellant failed to make an appropriate motion under either Fed. R. Civ. P. 15(a) or 28 U.S.C. § 1653, and as a result, she has "waived the right to raise the amendment claim of error on appeal." *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 151 (D.C.Cir.1994); *see also Loughlin v. United States*, 393 F.3d 155, 171–72 (D.C.Cir.2004). Accordingly, it is

**Ordered and Adjudged** that the District Court's dismissal of the complaint under Fed. R. Civ. P. 12(b)(1) is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R.App. P. 41(b); D.C. Cir. R. 41.