**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 23, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAVINA ELIZABETH BEST,

Defendant - Appellant.

No. 06-6178

(W. D. Oklahoma)

(D.C. No. CR-06-15-T)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HARTZ**, Circuit Judges.

Lavina Elizabeth Best pleaded guilty before a magistrate judge to unlawful entry to a military installation, *see* 18 U.S.C. § 1382. She was sentenced to 60 days' imprisonment and a $10.00 assessment. She now appeals, arguing that the magistrate judge had no jurisdiction over her case because documents in the case were not filed properly, so the case was not "officially open[ed]." Aplt. Br. at 8.

The history of this case is unremarkable. Ms. Best admitted to military authorities that she had knowingly violated a written order from the commander

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Tinker Air Force Base to stay off the base. In view of her criminal history and drug problems, the magistrate judge sentenced her to 60 days' imprisonment. She gave oral notice of appeal.

After the magistrate judge filed an Order and Notice of Appeal, Ms. Best apparently discovered that the pleadings in this case, including the charging document, had not been filed with the clerk of the United States District Court for the Western District of Oklahoma or recorded in the court's CM/ECF system before the filing of the Order and Notice. Ms. Best argued in district court that this filing failure deprived the magistrate judge of jurisdiction over her case. The district court rejected the argument.

Ms. Best's claim is that a court lacks jurisdiction over a criminal case in which critical documents are not filed correctly. Ms. Best has not, however, presented any authority—statute, rule, or judicial decision—that her case documents were not properly filed. All she cites are inapposite rules of procedure. For example, she cites Fed. R. Crim. P. Rule 32(k)(1), which reads in full:

> In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.

Even if this rule were violated, the rule's exhortations do not imply the remedy Ms. Best seeks. The correct course of action when a judgment has not been

signed or entered is simply to sign or enter it when the court notices the omission, or when the defendant or another party objects to it. We are not asked to decide whether Ms. Best could lawfully be imprisoned before such a judgment is signed or entered; we are asked instead to *vacate* an allegedly unfiled judgment. Similarly, Ms. Best does not explain why alleged violations of the *ECF Policies & Procedures Manual* or Fed. R. Crim P. 55 require vacation of a judgment.

Nor has Ms. Best established that she was prejudiced by the failures she alleges. At the end of her brief she suggests that her right to a public trial under the Sixth Amendment and her due-process rights under the Fifth Amendment were violated, but she does not support the suggestions with authority or argument, and they appear meritless.

Moreover, Ms. Best offers no argument why failure to file the documents would be a jurisdictional defect. The Supreme Court has limited the term *jurisdiction* to encompass only questions involving the subject matter or class of persons subject to a court's rulings. *See Eberhart v. United States*, 126 S. Ct. 403, 405 (2005) ("'Clarity would be facilitated,' we have said, 'if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). Accordingly, we see no jurisdictional defect in this case.

We AFFIRM the district court's judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge