SOPREMA, INC., Plaintiff/Counter–Defendant

v.

The WORKERS CORPORATION; United Surety & Indemnity Company, Defendants/Counter–Claimant

The Workers Corporation, Third–Party Plaintiff and Counter–Defendant

v.

Amgen Manufacturing Limited, Third–Party Defendant and Counter–Claimant.

Civil No. 06–1565 (JP).

United States District Court, D. Puerto Rico.

April 20, 2007.

David C. Indiano–Vicic, Esq., Seth Erbe, Esq., Indiano & Williams, PSC, San Juan, PR, for Plaintiff and Counter–Defendant, Soprema, Inc.

Edelmiro Antonio Salas–González, Esq., Urb. Villa Nevarez, San Juan, PR, for Defendant, Counter–Claimant, Third–Party Plaintiff and Counter–Defendant, The Workers Corporation.

Antonio Borrés–Otero, Esq., Saldaña, Saldaña–Egozcue & Vallecillo, PSC, San Juan, PR, for Defendant, United Surety & Indemnity Company.

Leslie Yvette Flores–Rodríguez, Esq., Juan A. Marqués–Díaz, Esq., McConnell Valdés, San Juan, PR, for Third–Party Defendant and Counter–Claimant, Amgen Manufacturing Limited.

## OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it a motion to dismiss filed by defendant Workers Corporation. Workers Corporation moves to dismiss the complaint against it on the ground that this Court lacks subject matter jurisdiction over the claims therein.[1] The motion (**No. 44**) is **GRANTED.**

## I. FACTUAL ALLEGATIONS

Plaintiff Soprema, Inc. ("Soprema") filed the instant complaint on June 7, 2006 against defendants The Workers Corporation ("Workers") and United Surety & Indemnity Company ("USIC"), invoking the federal court's 28 U.S.C. § 1332(a) diversity jurisdiction. Workers contracted with Amgen Manufacturing Limited ("Amgen") to replace the roof at Amgen's facilities in Juncos, Puerto Rico. On April 26, 2005, Soprema contracted with Workers to sup-

---

1. Workers' motion is a motion to dismiss under Rule 12(h)(3) or for summary judgment. The Court considers the motion and accompanying materials filed under docket number 45 only under the standard of Rule 12(b)(1). *See* *Valentin v. Hospital Bella Vista,* 254 F.3d 358, 362 (1st Cir.2001) ("The proper vehicle for challenging a court's subject matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)").

ply Workers with roofing materials for the Amgen project. Under the contract between Soprema and Workers, all invoices would be due and payable thirty days after the date of the invoice, and all balances outstanding more than thirty days after the invoice date would be subject to a finance charge of two percent per month. Workers was obligated to pay all reasonable attorneys' fees and costs Soprema incurred in connection with the collection of overdue amounts. Soprema alleges in its verified complaint that Workers made eight orders for supplies from Soprema. Soprema invoiced and filled all of those orders, which were made in May and June of 2005. Soprema alleges that it received no payment for those invoices, which total $94,985.99, and is owed this amount plus two percent monthly interest, costs, and attorneys' fees. Soprema's claims against Workers are for breach of contract and unjust enrichment. USIC issued Workers a performance bond for the construction project, and Soprema alleges USIC is jointly and severally liable for Workers performance under its contract with Soprema.

## II. *ANALYSIS*

 Defendant Workers moves the Court to dismiss Soprema's complaint on the ground that the Court lacks subject matter jurisdiction over Soprema's claims. The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by the Court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See Kontrick v. Ryan*, 540

U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). When a defendant challenges the existence *vel non* of diversity jurisdiction, and controverts the accuracy rather than the sufficiency of the jurisdictional facts asserted by the plaintiff, the court must engage in differential factfinding. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001). The plaintiff's jurisdictional averments are entitled to no presumptive weight. *Id.* at 363. The party invoking jurisdiction has the burden to show that it is proper. *E.g., Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998).

 Workers challenges the amount actually in controversy with respect to Soprema's claims. Diversity jurisdiction is limited to cases where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). A plaintiff's good faith claim controls, unless "it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–290, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The Court in *St. Paul* further held that the inability of the plaintiff to ultimately recover the jurisdictional amount does not divest the court of jurisdiction. *Id.* at 289, 58 S.Ct. 586. Nor do events occurring after the institution of suit which reduce the amount recoverable below the jurisdictional amount.[2] *Id.* at 289–290, 58 S.Ct. 586. However, the court must dismiss the action where it is apparent to a legal certainty that the plaintiff cannot recover the jurisdictional amount, either from the face of the pleadings, or "if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover the amount." *Id.* at 289, 58 S.Ct. 586. The First Circuit held that under *St. Paul*, a plaintiff's allegations of damages

2. In the same manner, a court's subject-matter jurisdiction cannot be expanded to ac-

count for the parties' litigation conduct. *Kontrick*, 540 U.S. at 456, 124 S.Ct. 906.

that meet the amount in controversy requirement suffices unless questioned by the opposing party or the court. *See Rosario Ortega v. Star–Kist Foods*, 370 F.3d 124, 128 (1st Cir.2004) (reversed on other grounds in *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)). Once a defendant questions jurisdiction by challenging the amount of damages alleged in the complaint, the burden shifts to the plaintiff to show that it is not a legal certainty that the potential recovery is capped at a figure below the jurisdictional minimum. *Id.* at 128.

█ The Court has examined the evidence provided by the parties in support of and in opposition to Workers' motion to dismiss, and finds that the plaintiffs claims involve unpaid invoices amounting to less than $75,000. On June 7, 2006, Soprema filed its verified complaint claiming unpaid invoices in the amount of $94,985.99. On November 17, 2006, Soprema issued an invoice crediting Workers' account with $20,897.50, because of duplicate billing. The amount credited corresponds to the amount charged in Invoice Number 0075441–IN. Only Soprema, and no third party, is responsible for the billing error. In fact in its memorandum in opposition to Workers' motion Soprema states that it concluded Invoice Number 0075441–IN duplicated another bill. Despite Soprema's complaint allegations, its claim for unpaid invoices amounts to only $74,088.49.

Soprema argues that the discovery of its billing error is a subsequent event under *St. Paul,* and therefore it does not divest this Court of its subject matter jurisdiction over the plaintiff's claims. The Court disagrees. In *Coventry Sewage Assoc. v. Dworkin Realty Co.,* 71 F.3d 1 (1st Cir. 1995), the defendant refused to pay the plaintiff for sewer-main usage after a service fee increase. The plaintiff sued for approximately $75,000 [3] on the basis of invoices provided by the local county water authority. After the complaint was filed, the water authority discovered that it had misread the defendant's water meters, and correction of the error left less than $10,000 in dispute. The First Circuit found that the water authority's correction of its meter reading error was a subsequent event under *St. Paul. Id.* at 8. The First Circuit rationalized its holding,

[A]n independent third party with otherwise no connection to the case made an apparently non-obvious error so that the amount-in-controversy at the time of filing, in fact, exceeded the jurisdictional minimum. Coventry had no reason to know that its claimed amount of damages was in error. Moreover, the reduction of the amount in controversy resulted from acts occurring wholly after the action commenced.

*Id.* at 8. In *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir.2001), the First Circuit distinguished *Coventry Sewage* and held the amount in controversy requirement was not met. In *Spielman,* a former limited partner filed a class action against a corporation, claiming that the general partner's failure to issue federal tax schedules to the limited partners resulted in a state income tax delinquency. After filing the complaint, Spielman filed an appeal with the state tax board to determine the taxes and penalty he owed which were the subject of his complaint. The tax board assessed Spielman's tax liability at $10,820. His total claim, including statutory attorney's fees, was below the jurisdictional minimum. The First Circuit distinguished *Coventry Sewage,*

Unlike the water authority in *Coventry Sewage,* the Tax Board did not reduce

---

**3.** The jurisdictional minimum at the time the complaint was filed was $50,000.

an initial assessment of the damages amount that exceeded the jurisdictional minimum. Here there was considerable question at the outset as to whether Spielman's damages amount met the jurisdictional minimum ... The state Tax Board ruling thus confirmed what had been apparent earlier: Spielman's attempt to meet the jurisdictional minimum was in vain from the beginning. *Id.* at 6. The court further explained that the tax board ruling was not a subsequent event under *St. Paul*, because "the plaintiff was never in fact at risk of harm in excess of the jurisdictional amount." *Id.* at 6 note 4.

The instant case resembles *Spielman* more than *Coventry Sewage*. Unlike in *Coventry Sewage*, the error which inflated the amount alleged in the complaint was caused by the plaintiff, not a third party unrelated to the instant case. The Court finds that, as in *Spielman*, Soprema's billing error was readily determinable at the time the complaint was filed. On November 3, 2006, this Court held an Initial Scheduling Conference in chambers. At that conference, Workers stated that it contested some of Soprema's charges, because they had already been paid. In response to Workers' statement, the Court ordered the parties to meet to determine exactly which charges had been paid and which had not been paid. *See* No. 42 at 21. In its memorandum, Soprema admits that in compliance with the Court's Order, it reviewed its accounting records and documents provided by Workers, and concluded that Invoice Number 0075441–IN duplicated another bill that had been issued. The Court holds that the billing error correction was not a subsequent event under *St. Paul*, and therefore it reduces the

amount in controversy at the time of filing to an amount below the jurisdictional minimum.

The Court also finds that the plaintiff failed to produce credible evidence supporting a claim for pre-filing attorney's fees which would bring the amount in controversy to an amount in excess of $75,000. Attorney's fees are excluded from the amount in controversy determination, except when the fees are provided for by contract and when a statute mandates or allows payment of the fees. *Id.* at 7. Soprema argues that as of the date it filed the complaint its attorney's fees for which it could collect under the contract exceeded $1,000. In support of this argument, Soprema only filed an affidavit signed by Steven P. Goetz. No. 52–9. The Court finds that the affidavit lacks credibility. Steven P. Goetz is identified only as an "authorized agent of Soprema, Inc." The affidavit fails to identify the exact matters for which he is an "authorized agent of Soprema, Inc.," and to indicate the basis of his personal knowledge of Soprema's legal bills. Soprema did not file contemporaneous time records or legal bills for services rendered before the complaint was filed, and otherwise failed to produce evidence of the number of hours worked and the attorneys' hourly rates.[4] Further, the same affiant declared under penalty of perjury that as of June 1, 2006 Workers owed Soprema $20,897.50 for Invoice Number 0075441–IN, No. 1 at 9, which Soprema now concedes to be false. Because Soprema failed to meet its burden to show that it is not a legal certainty the potential recovery is capped at a figure below the jurisdictional minimum, the Court must dismiss the complaint without prejudice for lack of subject matter jurisdiction.

---

4. In the context of attorney fee awards under 42 U.S.C. § 1988, the First Circuit held that the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for the substantial reduction in any award, or disallowance in egregious cases. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir.1984).

The other claims pending in the case will also be dismissed without prejudice. Workers counterclaims for against Soprema for defamation. Workers filed a third party complaint against Amgen, and Amgen counterclaims against Workers for defective performance under contract, for breach of contract, and for restitution. In its motion, Workers states it consents to the dismissal without prejudice of its counterclaims and third party complaint. With the dismissal of Workers' third party complaint, the Court declines to exercise supplemental jurisdiction over Amgen's counterclaims, and will enter judgment dismissing them without prejudice.

### III. CONCLUSION

The Court **GRANTS** the defendant's motions to dismiss, and will enter judgment dismissing the entire case without prejudice.

**IT IS SO ORDERED.**