# KONTRICK *v.* RYAN

No. 02–819.   Argued November 3, 2003—Decided January 14, 2004

444

GINSBURG, J., delivered the opinion for a unanimous Court.

*E. King Poor* argued the cause for petitioner. With him on the briefs were *Kimball R. Anderson, Michael J. Stepek,* and *Laura D. Cullison.*

*James R. Figliulo* argued the cause for respondent. With him on the brief were *James H. Bowhay, Michael A. Pollard,* and *G. Eric Brunstad, Jr.*

*Kent L. Jones* argued the cause for the United States as *amicus curiae* urging affirmance. With him on the brief were *Solicitor General Olson, Assistant Attorney General McCallum, Deputy Solicitor General Clement, William Kanter,* and *Michael E. Robinson.**

JUSTICE GINSBURG delivered the opinion of the Court.

This case concerns the duration of a right to object to a pleading on the ground that it was filed out of time. Under the Bankruptcy Rules governing Chapter 7 liquidation proceedings, a creditor has "60 days after the first date set for the meeting of creditors" to file a complaint objecting to the debtor's discharge. Fed. Rule Bkrtcy. Proc. 4004(a). That period may be extended "for cause" on motion "filed before the time has expired." Fed. Rule Bkrtcy. Proc. 4004(b). In the matter before us a creditor, in an untimely pleading, objected to the debtor's discharge. The debtor, however, did not promptly move to dismiss the creditor's plea as impermissibly late. Only after the Bankruptcy Court decided, on the merits, that the discharge should be refused did the debtor, in a motion for reconsideration, urge the untimeliness of the creditor's plea.

---

*\*Henry J. Sommer* filed a brief for the National Association of Consumer Bankruptcy Attorneys as *amicus curiae* urging reversal.

Bankruptcy Rule 4004's time prescription, the debtor maintains, is "jurisdictional," *i. e.*, dispositive whenever raised in the proceedings. Rejecting the debtor's "jurisdictional" characterization, the courts below held that Rule 4004's time prescription could not be invoked to upset an adjudication on the merits. We agree that Rule 4004 is not "jurisdictional." Affirming the judgment of the Court of Appeals for the Seventh Circuit, we hold that a debtor forfeits the right to rely on Rule 4004 if the debtor does not raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge.

## I

A debtor in a Chapter 7 liquidation case qualifies for an order discharging his debts if he satisfies the conditions stated in §727(a) of the Bankruptcy Code. 11 U. S. C. §727(a).[1] A discharge granted under §727(a) frees the debtor from all debts existing at the commencement of the bankruptcy proceeding other than obligations §523 of the Code excepts from discharge. §727(b).[2]

A debtor's discharge may be opposed by the trustee, the United States trustee, or any creditor. §727(c)(1). Adjudication of "objections to discharg[e]," Congress provided, is a

---

[1] Under §727(a), the court may not grant a discharge of any debts if the debtor, *inter alia:* (1) is not an individual; (2) has, with intent to defraud a creditor, concealed, transferred, or destroyed property of the estate (A) in the year preceding bankruptcy or (B) during the bankruptcy case; (3) has destroyed books or records; (4) has knowingly (A) given a false oath or account, (B) presented or used a false claim, (C) attempted to obtain money by acting or forbearing to act, or (D) withheld documents relating to the debtor's property or financial affairs; or (5) has failed to explain a loss or deficiency of assets. 11 U. S. C. §§727(a)(1)–(5).

[2] Section 523 categorizes debts that are nondischargeable. See, *e. g.*, 11 U. S. C. §523(a)(1) (certain debts "for a tax or a customs duty"); §523(a)(2)(A) (certain debts for money obtained by "false pretenses, a false representation, or actual fraud"); §523(a)(5) (certain debts "to a spouse, former spouse, or child of the debtor" for "support of such spouse or child"); §523(a)(6) (debts for "willful and malicious injury by the debtor").

"[c]ore proceedin[g]" within the jurisdiction of the bank-
ruptcy courts. 28 U. S. C. § 157(b)(2)(J). No statute, how-
ever, specifies a time limit for filing a complaint objecting to
the debtor's discharge. Instead, the controlling time pre-
scriptions are contained in the Federal Rules of Bankruptcy
Procedure, specifically, Rules 4004(a) and (b) and 9006(b)(3).

In relevant part, Bankruptcy Rule 4004(a) states: "[A]
complaint objecting to the debtor's discharge under § 727(a)
of the Code shall be filed no later than 60 days after the
first date set for the meeting of creditors." Rule 4004(b),
governing extensions of the Rule 4004(a) filing deadline, pro-
vides: "[T]he court may for cause extend the time [Rule
4004(a) allows] to file a complaint objecting to discharge" if
the motion is "filed before the time has expired." Reinforc-
ing Rule 4004(b)'s restriction on extension of the Rule
4004(a) deadline, Rule 9006(b)(3) allows enlargement of "the
time for taking action" under Rule 4004(a) "only to the ex-
tent and under the conditions stated in [that rule]," i. e., only
as permitted by Rule 4004(b).[3]

## II

On April 4, 1997, petitioner, Dr. Andrew J. Kontrick, filed
a Chapter 7 bankruptcy petition. Respondent, Dr. Robert
A. Ryan, a major creditor and Kontrick's former associate in

---

[3] Under Bankruptcy Rule 4007(c), essentially the same time prescrip-
tions apply to complaints targeting the discharge of a particular debt pur-
suant to 11 U. S. C. § 523(c). See supra, at 447, n. 2. Rule 4007(c) tracks
Rules 4004(a) and (b), and Rule 9006(b)(3) lists Rule 4007(c) as well as Rule
4004(a) among time prescriptions bankruptcy courts may enlarge "only
to the extent and under the conditions stated [in the rules themselves]."
Because of the practical identity of the time prescriptions for objections
to the discharge of any debts under § 727(a) and for objections to the dis-
charge of particular debts under § 523(c), courts have considered decisions
construing Rule 4007(c) in determining whether the time limits delineated
in Rules 4004(a) and (b) may be forfeited. See, e. g., In re Kontrick, 295
F. 3d 724, 730, n. 3 (CA7 2002) (citing In re Santos, 112 B. R. 1001, 1004,
n. 2 (BAP CA9 1990)).

a cosmetic and plastic surgery practice, opposed Kontrick's discharge. After gaining three successive time extensions from the Bankruptcy Court, Ryan filed an original complaint on January 13, 1998, in which he objected to the discharge of any of Kontrick's debts. Ryan alleged that Kontrick had transferred property, within one year of filing the bankruptcy petition, with intent to defraud creditors, and therefore did not qualify for a discharge under 11 U. S. C. §§ 727(a)(2)–(5). App. to Pet. for Cert. 40.

Ryan filed an amended complaint on May 6, 1998, with leave of court, *ibid.*, but without seeking or gaining a court-approved time extension. The amended complaint particularized for the first time the debtor's violation of § 727(a)(2)(A) in this regard: Debtor Kontrick, creditor Ryan alleged, had fraudulently transferred money to Kontrick's wife, first by removing Kontrick's own name from the family's once-joint checking account, then by continuing regularly to deposit his salary checks into the account, from which his wife routinely paid family expenses (the "family-account" claim). *Id.*, at 52–53.[4]

Kontrick answered Ryan's amended complaint on June 10, 1998. His answer "did not raise the untimeliness of [the family-account] claim," Brief for Petitioner 4; on the merits, he admitted the transfers to the family account but denied violating § 727(a)(2)(A). In March 1999, after the parties engaged in acrimonious discovery, Ryan moved for summary judgment. As Local Bankruptcy Rule 402(M) (Bkrtcy. Ct. ND Ill. 1994) instructs, Ryan appended to his motion "a statement of material facts as to which [he] contend[ed] there [was] no genuine issue." Kontrick cross-moved, in Au-

---

[4] Although Kontrick took his name off the family bank account some four years prior to his bankruptcy petition, his salary check deposits continued into the one-year period preceding bankruptcy specified in 11 U. S. C. § 727(a)(2)(A) (described *supra*, at 447, n. 1). See App. to Pet. for Cert. 33, 52–53.

gust 1999, to strike portions of Ryan's summary judgment filings.

Kontrick's motion to strike sought deletion of "new allegations," i. e., allegations making their first appearance in the litigation in Ryan's summary judgment submissions—Ryan's statement of facts pursuant to Local Rule 402(M), accompanying exhibits, and corresponding portions of the summary judgment motion and memorandum. Motion to Strike and Response to [Ryan's] Statement of Facts Under Local Rule 402 N in No. 97 B 10353 (Bkrtcy. Ct. ND Ill.), pp. 2, 5, 26. Although Kontrick noted that the family-account allegations were stated only in the amended complaint and were absent from the original complaint, id., at 3–4, he did not ask the court to strike those allegations. His response, instead, and in line with Local Rule 402(N), addressed the substance of the family-account claim. He admitted taking his name off the account, but observed that he did so "over four years before bankruptcy." Id., at 13. He also acknowledged that, thereafter, he "deposited his paycheck into the account the same way he had always done." Ibid.

On February 25, 2000, the Bankruptcy Court ruled on the cross-motions, granting in part Kontrick's motion to strike, awarding summary judgment to Ryan on the family-account claim, and dismissing the remaining claims. The court used the amended complaint as its baseline; it struck as untimely "allegations not included in [that] complaint." App. to Pet. for Cert. 47; see id., at 48–50. Homing in on Kontrick's continuing deposits into the account from which he had removed his name, the court concluded that Kontrick had transferred property with intent "to hinder, delay or defraud at least [creditor] Ryan." Id., at 55. That course of conduct, coupled with Kontrick's testimony,[5] the court concluded, sufficed to prove a violation of §727(a)(2) (described supra, at 447,

---

[5] In a prebankruptcy deposition, Kontrick admitted he transferred the once-joint bank account to his wife to prevent his creditors from attaching the funds. See App. to Pet. for Cert. 53; 295 F. 3d, at 727–728.

n. 1). App. to Pet. for Cert. 55, 64. Accordingly, the court held, Kontrick was not entitled to a discharge of his debts.

Kontrick moved for reconsideration. He argued that the Bankruptcy Court lacked jurisdiction over the sole claim on which the court had granted summary judgment, the family-account claim. See *id.*, at 71. The court was powerless to adjudicate the claim, Kontrick insisted, because the amended complaint containing the claim was untimely. Governing Rules 4004(a) and (b) and 9006(b)(3), see *supra*, at 448, Kontrick maintained, establish a mandatory, unalterable time limit of the kind he then called "jurisdictional." App. to Pet. for Cert. 71. It was the first time Kontrick appended a jurisdictional label to any pleading he filed relating to the family-account claim.

The Bankruptcy Court denied the reconsideration motion on June 8, 2000, and entered final judgment five days later. The court held that Rule 4004's complaint-filing time instructions are not "jurisdictional," and that Kontrick had waived the right to assert the untimeliness of the amended complaint by failing squarely to raise the point before the court reached the merits of Ryan's objections to discharge.

The District Court sustained the Bankruptcy Court's decision denying Kontrick's discharge. App. to Pet. for Cert. 25–38. The Court of Appeals for the Seventh Circuit, in turn, affirmed the judgment of the District Court. *In re Kontrick*, 295 F. 3d 724 (2002). Both courts relied on decisions of sister Circuits holding that "the timeliness provisions at issue here are not jurisdictional." *Id.*, at 733 (citing *In re Benedict*, 90 F. 3d 50, 54–55 (CA2 1996), and *Farouki* v. *Emirates Bank Int'l, Ltd.*, 14 F. 3d 244, 248 (CA4 1994)); accord App. to Pet. for Cert. 31–32. Both courts also agreed with the Bankruptcy Court that Kontrick had waived the right to challenge Ryan's amended complaint as impermissibly late.

The Seventh Circuit found in Kontrick's papers opposing summary judgment nothing that placed in issue the timeli-

ness of allegations in the amended complaint.   295 F. 3d, at 735.   Instead, according to the Court of Appeals, Kontrick apparently accepted creditor Ryan's amended complaint as properly filed; Kontrick used that complaint, not the original complaint, as a baseline to object to new allegations Ryan made for the first time in his statement of facts supporting summary judgment.   *Ibid.*   The Seventh Circuit further commented that "[t]he policy concerns of expeditious administration of bankruptcy matters and the finality of the bankruptcy court's decision hardly are fostered by requiring the bankruptcy court to consider the timeliness of an issue that it already has adjudicated."   *Ibid.*

We granted certiorari in view of the division of opinion on whether Rule 4004 is "jurisdictional,"[6] 538 U. S. 998 (2003), and we now affirm the judgment of the Seventh Circuit.[7]

## III

Only Congress may determine a lower federal court's subject-matter jurisdiction.   U. S. Const., Art. III, § 1.

[6] Compare, *e. g.*, *In re Coggin*, 30 F. 3d 1443, 1450–1451 (CA11 1994) (referring to Rule 4004(b) as a "jurisdictional requirement" and a "jurisdictional bar"), with, *e. g.*, *In re Benedict*, 90 F. 3d 50, 54 (CA2 1996) ("time period imposed by Rule 4007(c) is not jurisdictional").

[7] On brief and at oral argument, counsel for Kontrick suggested that, by noting that the family-account claim was not stated in the original complaint, Kontrick had implicitly invited dismissal of the claim.   See Tr. of Oral Arg. 5; Brief for Petitioner 5 ("Kontrick . . . argued that in opposing Ryan's many other allegations as untimely, he had also sufficiently raised the untimeliness of the family account claim.").   Kontrick's notation that the family-account claim was absent from the original complaint, the courts below agreed, fell short of an argument that the claim was untimely. 295 F. 3d, at 735; App. to Pet. for Cert. 72.   We have no cause to disturb that determination.   In any event, we train our attention on the question Kontrick here presented: "[W]hether the deadline set by Rule 4004 is mandatory and jurisdictional and thus cannot be waived."   Brief for Petitioner i.   See also Pet. for Cert. i.   We note, too, that the question whether the family-account claim could properly "relate back" to the original complaint was neither raised in the Seventh Circuit, 295 F. 3d, at 729, n. 2, nor aired in this Court, see Tr. of Oral Arg. 33.

Congress did so with respect to bankruptcy courts in Title 28 (Judiciary and Judicial Procedure); in cataloging core bankruptcy proceedings, Congress authorized bankruptcy courts to adjudicate, *inter alia*, objections to discharge. See 28 U. S. C. §§ 157(b)(1) and (b)(2)(I) and (J). Certain statutory provisions governing bankruptcy courts contain built-in time constraints. For example, § 157(c)(1) addresses *de novo* district court review of bankruptcy court findings and conclusions in noncore proceedings; that provision confines review to "matters to which any party has timely and specifically objected."[8] The provision conferring jurisdiction over objections to discharge, however, contains no timeliness condition. Section 157(b)(2)(J) instructs only that "objections to discharges" are "[c]ore proceedings" within the jurisdiction of the bankruptcy courts.

The time constraints applicable to objections to discharge are contained in Bankruptcy Rules prescribed by this Court for "the practice and procedure in cases under title 11." 28 U. S. C. § 2075; cf. § 2072 (similarly providing for Court-prescribed "rules of practice and procedure" for cases in the federal district courts and courts of appeals). "[I]t is axiomatic" that such rules "do not create or withdraw federal jurisdiction." *Owen Equipment & Erection Co.* v. *Kroger,* 437 U. S. 365, 370 (1978). As Bankruptcy Rule 9030 states, the Bankruptcy Rules "shall not be construed to extend or limit the jurisdiction of the courts." Rule 9030's forerunner—its counterpart in the Federal Rules of Civil Procedure,

---

[8] Provisions of a similar order, with built-in time constraints, include 28 U. S. C. § 2401(b) (tort claim against United States "shall be forever barred" unless presented "to the appropriate Federal agency within two years after [the] claim accrues" or civil action "is begun within six months after . . . notice of final denial of the claim by the agency to which it was presented"); and § 2107(a) ("Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.").

Rule 82—similarly states: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ." See 12 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure §3141, pp. 484–485 (2d ed. 1997) ("Rule 82 states [the] important principle" that "[t]he rules merely prescribe the method by which the jurisdiction granted the courts by Congress is to be exercised."); *Schacht* v. *United States*, 398 U. S. 58, 64 (1970) ("The procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional . . . ."). In short, the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate.

This much is common ground. Kontrick does not contend in this Court that the timing rules in question affect the subject-matter jurisdiction of the bankruptcy courts. See Tr. of Oral Arg. 9 (acknowledging that "[t]his case does not deal with subject matter jurisdiction"); *id.*, at 9–10 (explaining that counsel for Kontrick used the word "jurisdiction" "as a shorthand" to indicate a nonextendable time limit).

Courts, including this Court, it is true, have been less than meticulous in this regard; they have more than occasionally used the term "jurisdictional" to describe emphatic time prescriptions in rules of court. "Jurisdiction," the Court has aptly observed, "is a word of many, too many, meanings." *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 90 (1998) (internal quotation marks omitted). For example, we have described Federal Rule of Civil Procedure 6(b), on time enlargement, and correspondingly, Federal Rule of Criminal Procedure 45(b), on extending time, as "mandatory and jurisdictional." *United States* v. *Robinson*, 361 U. S. 220, 228–229 (1960). But see *Carlisle* v. *United States*, 517 U. S. 416, 419–433 (1996) (holding that, over the prosecutor's objection, a court may not grant a postverdict motion for a judgment of acquittal filed one day outside the time limit allowed by Fed. Rule Crim. Proc. 29(c); this Court did not characterize

the Rule as "jurisdictional"); *Taylor* v. *Freeland & Kronz,* 503 U. S. 638, 642–646 (1992) (similar ruling regarding Fed. Rule Bkrtcy. Proc. 4003(b)). "[C]lassify[ing] time prescriptions, even rigid ones, under the heading 'subject matter jurisdiction'" can be confounding. *Carlisle,* 517 U. S., at 434 (GINSBURG, J., concurring). Clarity would be facilitated if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.

Though Kontrick concedes that Rules 4004 and 9006(b)(3) are not properly labeled "jurisdictional" in the sense of describing a court's subject-matter jurisdiction, he maintains that the Rules have the same import as provisions governing subject-matter jurisdiction. A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance. *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); *Capron* v. *Van Noorden,* 2 Cranch 126, 127 (1804) (judgment loser successfully raised lack of diversity jurisdiction for the first time before the Supreme Court); Fed. Rule Civ. Proc. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").[9] Just so, Kontrick urges, a debtor may challenge a creditor's objection to discharge as untimely under Rules 4004 and 9006(b)(3) any time in the proceedings, even initially on appeal or certiorari. Tr. of Oral Arg. 10–11 (a debtor may object after final judgment or on appeal "so long as it's within the same proceed-

---

[9] Even subject-matter jurisdiction, however, may not be attacked collaterally. *Des Moines Nav. & R. Co.* v. *Iowa Homestead Co.,* 123 U. S. 552 (1887); see Restatement (Second) of Judgments § 12 (1980).

ing"); Brief for Petitioner 25, and n. 7 (same); Reply Brief 16, and n. 7 (citing lower court decisions supporting Kontrick's argument on the longevity of time limits stated in Rules 4004 and 9006(b)(3), *e. g., In re Poskanzer,* 146 B. R. 125, 131 (NJ 1992); *In re Rinde,* 276 B. R. 330, 333 (Bkrtcy. Ct. RI 2002); *In re Barley,* 130 B. R. 66, 69 (Bkrtcy. Ct. ND Ind. 1991); *In re Kirsch,* 65 B. R. 297, 300, 302 (Bkrtcy. Ct. ND Ill. 1986)).

The equation Kontrick advances overlooks a critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule. Characteristically, a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.

## IV

We turn back now to the relevant claim-processing rules in this case. Bankruptcy Rules 4004(a) and (b) and 9006(b)(3), governing proceedings over which bankruptcy courts have subject-matter jurisdiction,[10] serve three primary purposes. First, they inform the pleader, *i. e.,* the objecting creditor, of the time he has to file a complaint. Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits. This case involves the third office of the Rules.

It is uncontested that creditor Ryan filed his complaint objecting to debtor Kontrick's discharge outside the Rules'

---

[10] Like Federal Rule of Criminal Procedure 45(b) and Federal Rule of Appellate Procedure 26(b), Bankruptcy Rule 9006(b) is modeled on Federal Rule of Civil Procedure 6(b). See Advisory Committee's Note accompanying Rule 9006 ("*Subdivision (b)* is patterned after Rule 6(b) F. R. Civ. P. and Rule 26(b) F. R. App. P." (emphasis in original)).

time limits. Kontrick urges that nothing occurring thereafter counts, for the Rules' time prescriptions are unalterable, allowing no recourse to "equitable exceptions." Brief for Petitioner 13, n. 4; see *id.*, at 8, 16–18. This case, however, involves no issue of equitable tolling or any other equity-based exception. Neither at the time creditor Ryan filed the amended complaint containing the family-account claim nor anytime thereafter did he assert circumstances—equitable or otherwise—qualifying him for a time extension. Whether the Rules, despite their strict limitations, could be softened on equitable grounds[11] is therefore a question we do not reach.[12] See Brief for United States as *Amicus Curiae* 16 ("[M]uch of [Kontrick's] argument is actually directed to an issue that is not presented in this case," *i. e.*, whether the timing rules here in question are alterable by recourse to " 'equitable exceptions imported from outside the rules.' " (quoting Brief for Petitioner 13)); Tr. of Oral Arg. 40 ("Whether [the bankruptcy court] would have had discretion

---

[11] Lower courts have divided on the question whether Bankruptcy Rules 4004 and 4007(c) allow equitable exceptions. Compare, *e. g.*, 295 F. 3d, at 733 (Rules 4004 and 4007(c) "are subject to equitable defenses"); *In re Benedict*, 90 F. 3d, at 54 (same conclusion regarding Rule 4007(c)); *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F. 3d 244, 248 (CA4 1994) (same conclusion regarding Rule 4004), with, *e. g.*, *In re Alton*, 837 F. 2d 457, 459 (CA11 1988) *(per curiam)* (Rule 4007(c) confers no discretion to grant an untimely motion to extend the time to object, even if the creditor lacked notice of the bar date); *Neeley v. Murchison*, 815 F. 2d 345, 346–347 (CA5 1987) (same).

[12] Nor should anything in this opinion be read to suggest that a debtor and creditor may stipulate to the assertion of time-barred claims when such an accommodation would operate to the detriment of other creditors. See, *e. g.*, *In re Dollar*, 257 B. R. 364, 366 (Bkrtcy. Ct. SD Ga. 2001) ("Although the defendant debtor would significantly benefit by the allowance of the amended complaint [reflecting the parties' pretrial agreement to substitute an untimely § 523(a)(6) cause of action for a timely § 727(a)(2) claim,] the defendant's other creditors would be significantly harmed.").

to allow a late complaint . . . isn't before the Court, because [Ryan has not] claimed that [in this case] there is any equitable groun[d] for enlarging or extending the deadline, so that question isn't presented.").

We can assume, *arguendo,* that had Kontrick timely asserted the untimeliness of Ryan's amended complaint, Kontrick would have prevailed in the litigation. The question, in that event, would have been "whether the time restrictions in th[e] Rules are in such 'emphatic form'" as to preclude equitable exceptions. Brief for United States as *Amicus Curiae* 16 (citation omitted). See, *e. g., Carlisle,* 517 U. S., at 419–433 (upholding timely challenge to one-day-late filing under Fed. Rule Crim. Proc. 29(c)); *Taylor,* 503 U. S., at 642–646 (similar ruling regarding Fed. Rule Bkrtcy. Proc. 4003(b)); *Robinson,* 361 U. S., at 222–230 (similar ruling regarding Fed. Rule Crim. Proc. 45(b)). Here, however, the sole question is whether Kontrick forfeited his right to assert the untimeliness of Ryan's amended complaint by failing to raise the issue until after that complaint was adjudicated on the merits.[13] In other words, how long did the affirmative defense Rules 4004(a) and (b) and 9006(b)(3) afforded Kontrick linger in the proceedings?

The Court of Appeals, we agree, followed the proper path on this key question. See 295 F. 3d, at 734–735. Time bars, that court noted, generally must be raised in an answer or responsive pleading. See Fed. Rule Civ. Proc. 8(c) (made applicable to adversary proceedings in bankruptcy courts by

---

[13] As the Government notes, "[t]he issue in this case is more accurately described as one of forfeiture rather than waiver." Brief for United States as *Amicus Curiae* 7, n. 5. Although jurists often use the words interchangeably, "forfeiture is the failure to make the timely assertion of a right[;] waiver is the 'intentional relinquishment or abandonment of a known right.' *United States* v. *Olano,* 507 U. S. 725, 733 (1993) (quoting *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938))." *Ibid.* (some internal quotation marks omitted).

Fed. Rule Bkrtcy. Proc. 7008(a)).[14] An answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend "of course" has passed, "leave [to amend] shall be freely given when justice so requires." Fed. Rule Civ. Proc. 15(a); see Fed. Rule Bkrtcy. Proc. 7015 ("Rule 15 F. R. Civ. P. applies in adversary proceedings.").

Kontrick not only failed to assert the time constraints of Rules 4004(a) and (b) and 9006(b)(3) in a pleading or amended pleading responsive to Ryan's amended complaint. As earlier recounted, see *supra*, at 449–450, Kontrick moved to delete certain items from Ryan's summary judgment filings, but, even that far into the litigation, he did not ask the Bankruptcy Court to strike the family-account claim.

Ordinarily, under the Bankruptcy Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer. See Fed. Rule Bkrtcy. Proc. 7012(b) ("Rule 12(b)–(h) F. R. Civ. P. applies in adversary proceedings."); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1347, p. 184 (2d ed. 1990) ("A defense or objection that is not raised by motion or in the responsive pleading is waived unless it is protected by Rules 12(h)(2) or 12(h)(3) or by the successful invocation of the liberal amendment policy of Rule 15."). Rules 12(h)(2) and (3) prolong the life of certain defenses, but time prescriptions are not among those provisions. Even if a defense based on Bankruptcy Rule 4004 could be equated to "failure to state a claim upon which relief can be granted," the issue could be raised, at the latest, "at the trial on the merits." Fed. Rule Civ. Proc. 12(h)(2). Only lack of subject-matter jurisdiction is preserved posttrial. Fed. Rule Civ. Proc. 12(h)(3). And, as we earlier explained, see *supra*, at 452–456, Kontrick's resistance to the

---

[14] In fuller detail, Bankruptcy Rule 4004(d) provides that "[a] proceeding commenced by a complaint objecting to discharge is governed by Part VII of these rules." Part VII includes Bankruptcy Rule 7008(a), which states that "Rule 8 F. R. Civ. P. applies in adversary proceedings."

family-account claim is not of that order. No reasonable construction of complaint-processing rules, in sum, would allow a litigant situated as Kontrick is to defeat a claim, as filed too late, after the party has litigated and lost the case on the merits.

*　　*　　*

For the reasons stated, the judgment of the United States Court of Appeals for the Seventh Circuit is

*Affirmed.*