IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-11308

In The Matter Of:  G WILLIAM BARNETT

DEBTOR

_____

BENSON CAPITAL MANAGEMENT INC.

APPELLANT

v.

G WILLIAM BARNETT, II

APPELLEE

Appeal from the United States United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-642-A

Before KING, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bensen[1] Capital Management, Inc. brings this appeal from an order of the

bankruptcy court dismissing its complaint, which challenged the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The appeal has been docketed with the party's name spelled "Benson."  From the briefs and most indications in the record, it appears the proper spelling is "Bensen."  We leave the official case name alone, but use "Bensen" in our discussion.

dischargeability of a debt owed to Bensen Capital in the bankruptcy case of G. William Barnett. The complaint was filed after the deadline to challenge the dischargeability of a particular debt. See FED. R. BANKR. P. 4007(c). The bankruptcy court dismissed Bensen Capital's complaint as untimely under the Bankruptcy Rules, and the district court affirmed.

This Court has held that the fixed time limitations imposed in the Bankruptcy Rules further the goal of finality in proceedings and should be strictly enforced. State Bank & Trust v. Dunlap, 217 F.3d 311, 316-17 (5th Cir. 2000). Bensen Capital asks this Court to reconsider this position in light of the Supreme Court case of Kontrick v. Ryan, 540 U.S. 443 (2004). In its opinion, the Supreme Court held that the deadlines established in Bankruptcy Rule 4004 are not jurisdictional in nature, but the Court expressly refused to address the issue of whether the rules setting out filing deadlines "could be softened on equitable grounds . . . ." Kontrick, 540 U.S. at 457.

Bensen Capital asserts that the actions of Barnett in resisting discovery in the bankruptcy case justifies adoption of the doctrine of "equitable tolling" and applying it to reinstate Bensen Capital's late-filed complaint. After a hearing in this case, the Bankruptcy Court held that even if equitable tolling were to be adopted, it would not be appropriate here. That was because the delay in Bensen Capital's filing its complaint was due to the mis-calendaring of the deadline by Bensen Capital's attorney and not due to any misconduct on the part of the debtor. A finding of fact by the Bankruptcy Court is reviewed for "clear error." Carrieri v. Jobs.com, Inc., 393 F.3d 508, 517 (5th Cir. 2004). Bensen Capital has pointed to no error in the Bankruptcy Court's finding concerning the cause of the delay in filing. We also agree with the conclusion that equity would not support tolling in these factual circumstances.

Therefore, regardless of whether equitable tolling would be relevant in some cases, it is not appropriate here. We AFFIRM.