**In re Henry Conrad MARTINSEN and Susan Margaret Martinsen, Debtors.**

**Opportunity Bank, N.A., Plaintiff,**

**v.**

**Henry Conrad Martinsen, Defendant.**

**Bankruptcy No. 10–15990–7.**
**Adversary No. 11–11.**

United States Bankruptcy Court,
W.D. Wisconsin.

May 10, 2011.

Michael H. Myers, Myers Wilson, P.C., Dallas, TX, for Plaintiff.

George B. Goyke, Goyke, Tillisch & Higgins, LLP, Wausau, WI, for Defendant.

## DECISION AND ORDER

THOMAS S. UTSCHIG, Bankruptcy Judge.

The plaintiff filed this adversary proceeding seeking a determination that the debt owed by the debtor, Henry Conrad Martinsen, to Opportunity Bank, N.A., is nondischargeable under 11 U.S.C. § 523. The debtor has moved to dismiss the adversary complaint on the grounds that it was filed after the time to object to discharge had passed. The parties submitted briefs on the relevant legal issues and the Court conducted a telephonic hearing on the matter on April 18, 2011.[1] Attorney

---

1. On April 15, 2011, the plaintiff filed a motion to extend time to object to the debtors' discharge in the main case. That motion raises the same core question—namely, whether there is cause to allow the plaintiff to pursue an adversary proceeding objecting

Michael H. Myers appeared on behalf of the plaintiff, and Attorney George B. Goyke appeared on behalf of the defendant. This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

The bankruptcy petition was filed on August 6, 2010. The deadline for filing a complaint objecting to discharge or to the dischargeability of certain debts was November 1, 2010. This adversary proceeding was filed on January 12, 2011, more than two months after the deadline. Under Fed. R. Bankr.P. 4004(b) and 4007(c), the Court may extend the time for filing discharge complaints, but the rules expressly provide that an extension requires a motion which "shall be filed before the time has expired." The plaintiff did not request an extension of time prior to the deadline. As such, the debtor believes that the complaint must be dismissed as untimely.

■ The purpose of the deadline for filing adversary complaints is to "enhance the efficient administration of the estate" by requiring creditors to act quickly to contest discharge. *See FDIC v. Meyer (In re Meyer)*, 120 F.3d 66, 68–69 (7th Cir. 1997) (the purpose of Rule 4007(c) is to encourage creditors to "file their complaints speedily or yield them forever"). As the Seventh Circuit put it, after the deadline passes, "The debtor can relax." *Id.* at 68. While a creditor may request an extension prior to the expiration of the deadline, "[t]ardiness is otherwise fatal." *Id.* Indeed, Fed. R. Bankr.P. 9006(b)(3) expressly permits enlargement of time under Rules 4004(b) and 4007(c) "only to the extent and under the conditions stated in those rules." Because of this, an untimely complaint is normally subject to dismissal if the issue is raised by the defendant in an answer or responsive pleading (in this instance, the debtor's motion to dismiss). *See In re Kontrick*, 295 F.3d 724, 734–35 (7th Cir.2002), *aff'd on other grounds, Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (a statute of limitations defense must be raised in an answer or responsive pleading; debtor waived claim that complaint was untimely when the matter was not raised until the debtor responded to a motion for summary judgment). In this case, the debtor responded to the complaint with a motion to dismiss, squarely (and properly) raising the issue of timeliness.

In response, the plaintiff contends that its complaint should not be dismissed for two reasons. First, the plaintiff suggests that it should benefit from an extension obtained by the U.S. Trustee. On November 1, 2010, the U.S. Trustee filed a motion requesting an extension of time to object to discharge. Initially, the motion requested that the extension be for "all parties in interest." The debtor objected to the motion and the order which was ultimately entered limited the extension to claims raised by the U.S. Trustee or the Chapter 7 Trustee handling the debtor's bankruptcy. In its pleadings, the plaintiff appears to suggest that it was somehow lulled into complacency by the thought that the U.S. Trustee was acting to protect its interests and therefore did not file its own motion.

---

to the debtors' discharge notwithstanding the fact that the deadline for filing such a proceeding has expired. The timeliness of objections to discharge under Rule 4004 and exceptions to discharge under Rule 4007 contemplate the same inquiry and the plain-

tiff withdrew its motion after the Court announced its decision in this matter. For the sake of clarity on the subject, this decision nonetheless considers the application of both Rule 4004(b) and Rule 4007(c).

The plaintiff's second argument is more problematic. It argues that the deadline should be equitably tolled because it was unable to recognize that it had a claim prior to the deadline. According to the plaintiff, it did not have knowledge of the alleged fraud committed by the debtor until after it obtained relief from the automatic stay and asserted its contractual rights to pursue its collateral (namely, 668 shares of common stock in an entity called TallyHo Plastics, Inc.). The order granting relief from the stay was entered after the November 1 deadline. The plaintiff argues that it did not learn that it had a potential nondischargeability claim until after it was informed that the debtor had pledged the stock interests without authority and without following appropriate formalities. This occurred on or about November 16, 2010, when the plaintiff was contacted by various representatives of TallyHo Plastics after the stay was lifted.

The crucial question is whether these facts, if taken as true, justify an equitable exception to the normal rule that an untimely adversary proceeding must be dismissed if the issue is properly raised by the defendant. As the deadlines in Rules 4004(b) and 4007(c) are not jurisdictional, they are subject to equitable doctrines such as waiver, estoppel, and equitable tolling. *Kontrick,* 295 F.3d at 733.[2] But those doctrines must be applied in a manner which is "consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts." *Id.* If the concept that creditors are to file their complaints "speedily or yield them forever" is to have any effect, then equitable exceptions must be narrowly tailored. After all, exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor, *see In re Scarlata,* 979 F.2d 521, 524 (7th Cir.1992); it makes sense to consider the deadlines for bringing such claims in a similar light.

The purpose of the deadline is to establish certainty as to the debtor's fresh start. If a complaint is filed on time, the debtor is on notice that the discharge is threatened. The deadline is supposed to create a finite end to those claims which are not raised before its expiration; to borrow from an old expression, it is the moment at which creditors must "fish or cut bait." The fact that the debtor receives notice that the discharge is contested by the deadline is crucial. If notice of the claim is given in a timely fashion, certain technical deficiencies may be overlooked. For example, in *Meyer* the debtor argued that an otherwise timely adversary proceeding should be dismissed because it had been brought by the wrong creditor (i.e., in the name of a subsidiary rather than a parent company which was the "proper" claimant). In a nutshell, the debtor's argument was that as the wrong creditor had initiated the lawsuit, it needed to be dismissed; further, since the "right" creditor had missed the 60–day window, it could not initiate its own action. The Seventh Circuit rejected this idea, concluding that the "force of Rule 4007(c) therefore should fall first and foremost on whether a complaint was filed against a specific debt, not so much on who makes the complaint." 120

---

**2.** In its affirmance of *Kontrick,* the Supreme Court did not specifically address whether Rules 4004(b) and 4007(c) were subject to other equitable exceptions; the Court decided that the "sole question" was whether the debtor forfeited the right to object to the untimeliness of a complaint "by failing to raise the issue until after that complaint was adjudicated on the merits." 540 U.S. at 458, 124 S.Ct. 906. The Seventh Circuit's decision remains binding upon this Court.

F.3d at 68. The debtor had been put on notice that the discharge of a particular claim had been contested within the appropriate period, and the rules focus on "the identification of a contested debt, not of the contesting creditor." *Id.*[3]

■ In this case, the deadline was November 1. On that date, the debtor was on notice that the U.S. Trustee desired an extension of time to object to discharge. The debtor knew that no other party had requested an extension of time, and so those creditors' claims were now untimely—with one caveat. The U.S. Trustee had asked that the extension sought by its motion be given to "all parties in interest." In response, the debtor's attorney objected to the motion and put the contention that the extension should be limited to the U.S. Trustee and the Chapter 7 Trustee before the Court. When the matter was considered by the Court, only the U.S. Trustee and the debtor's attorney appeared. The Court entered an order which expressly limited the extension to claims raised by the U.S. Trustee or the Chapter 7 Trustee.

Perhaps it is theoretically possible for a creditor to rest upon the assurance that another party's request will also inure to its benefit, and to argue later that equity dictates that its claims are timely pursuant to an extension it did not request. But unlike the situation in *Meyer*, there is no apparent unity between the plaintiff's claims and those which might be asserted by the U.S. Trustee or the Chapter 7 Trustee.[4] As the U.S. Trustee's motion was filed on the deadline date itself, the plaintiff certainly had ample opportunity to act on its own. There is no indication that the plaintiff even received notice of the U.S. Trustee's motion prior to the deadline (which suggests that it could not be certain *anyone* might seek an extension until the very last minute), and its own pleadings indicate that it did not expect to file an adversary proceeding. Further, even after it supposedly "learned" of the possible fraud, the plaintiff did not join to defend the trustee's broad extension request or respond to the debtor's argument that the extension should not extend to all parties in interest.[5]

Therefore, there is no valid equitable basis for suggesting that the limited extension obtained by the U.S. Trustee should render the plaintiff's complaint timely. Given the circumstances, the plaintiff was not unduly prejudiced by the fact that the order extending the time to object to discharge was more limited than the U.S. Trustee originally requested. Instead, the plaintiff was responsible for acting to protect its interests—either by filing a complaint "speedily" or by re-

---

3. The Seventh Circuit distinguished cases "showing rigid observance of the 60–day rule" on the basis that they involved instances in which a creditor "came tardily" to announce that a debt should be considered nondischargeable. 120 F.3d at 69. The challenge to discharge in *Meyer* was raised in a timely fashion, and the only issue was the proper identity of the plaintiff, which could be cured by a simple substitution of parties. *Id.* Here, of course, the creditor seeks to excuse the tardiness of its claim.

4. As the Seventh Circuit observed, "Here the debt at issue, *which is the critical thing* (and not the precise identity of the creditor), has remained fixed ... [a] putative creditor filed on time a complaint of nondischargeability and thus fulfilled Rule 4007(c)'s mandate." 120 F.3d at 69 (emphasis added).

5. According to the plaintiff, it learned about the debtor's possible fraudulent conduct around November 16. The debtor's objection to the U.S. Trustee's motion was filed that same day. A telephone conference on the motion occurred on December 1. The court entered the order extending the deadline on December 7 (the order had been filed in proposed form on November 30). At no time did the plaintiff intervene to voice its concerns.

questing an extension prior to the expiration of the deadline. It did neither.

■ The plaintiff's second contention, of course, is that it should be excused from compliance with the rule because it had no knowledge of the alleged nondischargeability claims until after the deadline expired. General principles of equity (or perceptions of fairness) may not be used to modify the Rule 4004(b) and 4007(c) deadlines. *See Grabitske v. Brittingham & Hixon Lumber Co.,* 2010 WL 3666990, at *4 (W.D.Wis. Sept.15, 2010). But in *Kontrick,* the Seventh Circuit did indicate that certain equitable defenses *may,* in limited instances, excuse a tardy complaint. Specifically, the court referenced the defenses of waiver, estoppel, and equitable tolling. *Kontrick,* 295 F.3d at 733.

■ These defenses may be interposed to allow an untimely complaint only in a manner consistent with the code's policy favoring the debtor's fresh start. *Grabitske,* 2010 WL 3666990, at *5. In that regard, waiver (or forfeiture) is inapplicable as the debtor properly raised the issue in a responsive pleading. The only other available defenses are equitable estoppel or equitable tolling. Equitable estoppel is limited to situations in which the plaintiff has been misled or where evidence has been fraudulently concealed. *See Smith v. Potter,* 445 F.3d 1000, 1010 (7th Cir.2006) (equitable estoppel only comes into play "if the defendant takes active steps to prevent the plaintiff from suing in time"). Equitable tolling, on the other hand, arises only when "despite all due diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim." *Jones v. Res–Care, Inc.,* 613 F.3d 665, 670 (7th Cir.2010) (quoting *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 860 (7th Cir.2005)).

■ Equitable estoppel is not implicated in this case. There is no suggestion that the debtor did anything to mislead the plaintiff during the bankruptcy process or that information was fraudulently concealed. Among other factors, the granting of equitable estoppel should be premised upon a showing of the plaintiff's "actual and reasonable reliance" upon the defendant's conduct or representations, and evidence of an "improper purpose" on the part of the defendant. *Mull v. ARCO Durethene Plastics, Inc.,* 784 F.2d 284, 292 (7th Cir.1986). Here, the plaintiff's untimely filing was not the result of a "deliberate design" by the debtor or of actions which the debtor "should unmistakably have understood" would cause a delay. *Id.* The plaintiff has not identified any representations or other conduct by the debtor which could be characterized as causing the untimely filing of the adversary complaint.

■ In *Beamon,* the court observed that equitable tolling requires a court to consider "whether a reasonable person in the plaintiff's position would have been aware of the *possibility* that [a claim existed]." 411 F.3d at 860–61 (emphasis in original). A creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule. The crucial concept here is whether the plaintiff is (or should be, as the test is that of a reasonable person) aware of the possibility or *potential* of a claim. Put another way, "If a plaintiff were entitled to have all the time he needed to be *certain* his rights had been violated, the statute of limitations would never run—for even after judgment, there is no certainty." *Id.* at 861 (quoting *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990)) (emphasis in original).

In the context of a typical statute of limitations, a plaintiff cannot normally petition the court for more time to determine whether a potential claim exists. Creditors in bankruptcy proceedings have additional tools available to them. For example, they may request the authority to conduct an examination of the debtor under Fed. R. Bankr.P.2004 to investigate the possibility of claims before the deadline expires. They may also move to extend the deadline if they have been unable to confirm that no claims exist.[6] The plaintiff did neither of these, even though it was aware of the bankruptcy, had been listed as a creditor, and had received notice of the deadline to object to discharge. The plaintiff had from August 6 (the date the case was filed) until November 1 (the deadline) to investigate the possibility of claims. It argues that it did not learn of the possible claims until after its motion for relief from the stay was granted, but that motion was not filed until October 7, approximately two months after the case began.

A creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule. The purpose of the rule, after all, is to compel creditors to move *swiftly*. *Meyer*, 120 F.3d at 69. Creditors who know about the deadline and do not act to protect themselves cannot complain. *Grabitske*, 2010 WL 3666990, at *7 (equitable tolling does not apply where the creditor "could have acted to protect its interests, but did not"); *In re Height*, 2011 WL 1480265, at *9 (E.D.Mich. April 19, 2011) (plaintiffs were not entitled to invoke equitable tolling because they did not act "diligently"); *Yesh*

*Diamonds, Inc. v. Yashaya (In re Yashaya)*, 403 B.R. 278, 286 (Bankr.E.D.N.Y. 2009) (equitable tolling is not available to a plaintiff who "does not act diligently in protecting his legal rights").

The plaintiff's complaint was filed more than two months after the deadline for filing dischargeability complaints by parties other than the U.S. Trustee or the Chapter 7 Trustee. The plaintiff did not request an extension of the deadline prior to the expiration. There is no indication that the debtor engaged in any questionable conduct which induced the plaintiff to delay the filing. The plaintiff was aware of the deadline for filing adversary complaints. It could have acted to protect its interests before the deadline expired, but did not. The suggestion that the tardiness of the complaint should be equitably excused must be rejected because one who does not act diligently "cannot invoke equitable principles to excuse their lack of diligence." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Equitable exceptions to the general application of Rules 4004(b) and 4007(c) must be construed strictly in favor of the debtor and consistent with the goal that dischargeability issues are resolved "promptly and definitively." *Kontrick*, 295 F.3d at 733. This case does not qualify for an exception to the general rule.

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss is granted.

---

**6.** This, of course, is what the U.S. Trustee did in filing a motion to extend the deadline. The motion was granted not upon a showing that a claim actually existed, but because the U.S. Trustee wished to conduct an additional investigation into the *possibility* of claims.