SILBERMAN, Senior Circuit Judge,
concurring:
I concur fully in the Court’s opinion. I write separately to explain more completely why it is appropriate for us to hold that intervenor RSR Corporation lacks prudential standing.
Though RSR is in the unusual position of intervening as both a petitioner and respondent, nearly all of its substantive arguments overlap with those made by the environmental petitioners. But unlike the environmental petitioners, RSR’s only interest in this dispute is increasing the regulatory burden on its competitors, and as the Court explains, Op. at 673-74, it is well-established that such an interest does not suffice to show prudential standing. Cement Kiln Recycling Coal. v. EPA, 255 F.3d 855, 871 (D.C.Cir.2001).
The EPA has not itself argued that RSR lacks prudential standing, and while the *675 industry group has raised the issue, they did so only in their brief as respondent-intervenors, not as petitioners. The general rule in this circuit is that “[ijnterve-nors may only argue issues that have been raised by the principal parties.” Nat’l Ass’n of Regulatory Util. Comm’rs. v. ICC, 41 F.3d 721, 729 (D.C.Cir.1994). Were our consideration of prudential standing dependent on .the parties themselves having raised this issue, we might face the thorny question of how to apply our general rule where an issue is raised by the same entity that is a party, but only in that entity’s separate capacity as intervenor.
We were not required to address that question here, however, because we treat prudential standing as a jurisdictional limit that cannot be waived. See Grocery Mfrs. Ass’n v. EPA 693 F.3d 169, 174, 179 (D.C.Cir.2012) (considering prudential standing where not raised by the parties);[1] Animal Legal Def Fund, Inc. v. Espy, 29 F.3d 720, 723 n. 2 (D.C.Cir.1994) (“Standing, whether constitutional or prudential, is a jurisdictional issue which cannot be waived or conceded.”). That would normally be the end of the matter, except that the validity of our precedent on this point was recently called into question by a thoughtful dissent in Grocery Manufacturers. See 693 F.3d at 183-85 (Kavanaugh, J., dissenting).
Judge Kavanaugh acknowledged that “older cases from this Court said that prudential standing was jurisdictional.” Id. at 185 n. 4 (citing Animal Legal Def. Fund, 29 F.3d at 723 n. 2); see also Steffan v. Perry, 41 F.3d 677, 697 (D.C.Cir.1994) (en banc). But he argued that these decisions were inconsistent with more recent Supreme Court decisions that have “significantly tightened and focused the analysis governing when a statutory requirement is jurisdictional.” Grocery Mfrs., 693 F.3d at 183-84 (Kavanaugh, J., dissenting) (citing Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S.Ct. 1237, 1243, 176 L.Ed.2d 18 (2010)). He further observed that other circuits have found prudential standing to be non-jurisdictional (and therefore waiva-ble), id. at 184-85 (collecting cases), and he also cited post-994 cases in this circuit at least suggesting that prudential standing is not jurisdictional, id. at 185 n. 4 (collecting cases).
But a majority[2] of the Grocery Manufacturers panel concluded that one of the petitioners in that case lacked prudential standing (even though the EPA had not raised the issue), and a petition for rehearing en banc was subsequently denied— without any published rebuttal from active judges to Judge Kavanaugh’s dissent from the order denying rehearing. 704 F.3d 1005 (D.C.Cir.2013).
I take this .opportunity to respond. First, it should be noted that the term “prudential standing” is a misnomer — at least in the context of whether a plaintiff *676 (or petitioner) in an APA cause of action is within the “zone of interests” of the relevant substantive statute. There are other kinds of standing issues, like third-party standing, that do spring from concepts of jurisdictional prudence. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). But as the Supreme Court has recognized, what is involved in the zone-of-interest analysis is more properly described as “statutory standing.” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 92, 97, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).
That characterization is sensible because this test — unlike other prudential standing inquiries — is a gloss on the APA’s right of review for “[a] person ... adversely affected or aggrieved by agency action within the meaning of a relevant statute.” 5 U.S.C. § 702. See Air Courier Conference of Am. v. Am. Postal Workers Union AFL-CIO, 498 U.S. 517, 523-24, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991) (“[T]he plaintiff must establish that the injury he complains of (his aggrievement, or the adverse effect upon him), falls within the ‘zone of interests’ sought to be protected by the statutory provision whose violation forms the legal basis for his complaint.” (quoting Lujan v. Nat’l Wildlife Fed’n, 497 U.S. 871, 883, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)) (internal quotation marks omitted)); Ass’n of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 153-54, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970) (connecting the zone-of-interests concept to the specific language of the APA). This particular type of prudential standing is thus typically tied to at least two statutes — the organic statute underlying a complaint and the APA itself.[3]
The question of whether a plaintiff has statutory standing therefore depends on Congressional intent — does Congress intend that this particular class of persons have a right to sue under this substantive statute? In that respect, statutory standing is similar to subject-matter jurisdiction, and this Court has even described it as such in a past case. See Mallick v. Int’l Bhd. of Elec. Workers, 749 F.2d 771, 772 n. 1 (D.C.Cir.1984) (finding that the plaintiff fell within the zone of interests, and therefore that “we have subject matter jurisdiction to decide this case”). In one instance, Congress is implicitly deciding who can sue, and in the other, what kind of cases can be brought. And of course, in both situations (unlike with Article III barriers) Congress can always change the law.
The significance as to whether statutory standing is labeled jurisdictional relates to two other questions. First, is a court obliged to consider statutory standing where the parties have not raised it, and second, can a court rely on statutory standing prior to consideration of an Article III issue? As to the first question, Supreme Court case law is unclear. But on the second question — the order in which issues may be considered — the Court has treated statutory standing like other jurisdictional thresholds. Normally a federal court must confront an Article III question at the outset of a case, but the Supreme Court has noted that a federal court may decide a statutory standing is *677 sue before reaching an Article III question, as would be true of a subject-matter jurisdiction issue. Steel Co., 523 U.S. at 97 n. 2, 118 S.Ct. 1003 (defending the proposition that “a statutory standing question can be given priority over an Article III question”); see also Block v. Cmty. Nutrition Inst., 467 U.S. 340, 353 n. 4, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984) (analyzing the interrelated concepts of preclusion of judicial review and statutory standing); Grand Council of the Crees (of Quebec) v. FERC, 198 F.3d 950, 954 (D.C.Cir.2000) (“[I]t is entirely proper to consider whether there is prudential standing while leaving the question of constitutional standing in doubt, as there is no mandated ‘sequencing of jurisdictional issues.’ ” (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999))). That suggests that the Court sees statutory standing as different from other species of what is generally called prudential standing — indeed having a characteristic of a jurisdictional issue.[4]
The Supreme Court has made statements in dicta that would appear to limit jurisdictional issues (besides Article III) to subject-matter and personal jurisdiction. See, e.g., Reed Elsevier, 130 S.Ct. at 1243 (“[T]he term ‘jurisdictional’ properly applies only to ‘prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)’ implicating [a court’s adjudicatory] authority.” (quoting Kontrick v. Ryan, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004))). But the Court has never specifically held that prudential standing much less statutory standing — is non-jurisdictional. Id.[5]
Most of the Courts of Appeals that have held prudential standing non-jurisdictional concerned only third-party standing, which really is a judge-made concept. See Bd. of Miss. Levee Comm’rs v. EPA 674 F.3d 409, 417 (5th Cir.2012) (treating as waived the EPA’s argument that “the Board seeks to assert the legal rights of the Corps”); Rawoof v. Texor Petroleum Co., 521 F.3d 750, 756 (7th Cir.2008) (discussing the “prudential-standing limitation ... principle that a litigant cannot sue in federal court to enforce the rights of third parties”); Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1050, 1065 n. 17 (9th Cir.2008) (citing Bd. of Natural Res. v. Brown, 992 F.2d 937, 945-46 (9th Cir.1993) (“[T]he rule against third-party standing is not a jurisdictional limitation on our review, but a prudential one.”)) (noting only that the state agency had “fail[ed] to articulate any argument challenging ILC’s prudential standing”).
As far as I am aware, only two courts have held specifically that the zone-of-interests test is non-jurisdictional, and they did not recognize or discuss any difference between statutory standing and prudential standing generally. See Finstuen v. Crutcher, 496 F.3d 1139, 1147 (10th Cir.2007) (“Prudential standing requires, among other things, that ‘a plaintiffs grievance ... arguably fall[s] within the zone of interests protected or regulated by the statutory provision ... invoked in the *678 suit.’ ” (quoting Bd. of Cnty. Comm’rs v. Geringer, 297 F.3d 1108, 1112 (10th Cir.2002))); Gilda Indus., Inc. v. United States, 446 F.3d 1271, 1280 (Fed.Cir.2006) (“[W]e do not need to reach or decide the question whether Gilda satisfies the standing requirements of the Administrative Procedure Act, because the government did not contend in its brief that Gilda’s complaint should be barred by the zone of interests test.”).
In light of this confusing tangle of jurisprudential concepts — and especially in light of the apparent differences between statutory standing and other species of prudential standing — I think we ought to be especially hesitant to overturn past precedent on these issues until the Supreme Court has provided clear guidance.
In any event, even if we were not required to consider statutory standing sua sponte, we would still have the authority to do so under U.S. National Bank of Oregon v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (“[A] court may consider an issue ‘antecedent to ... and ultimately dispositive of the dispute before it, 'even an issue the parties fail to identify and brief.” (quoting Arcadia v. Ohio Power Co., 498 U.S. 73, 77, 111 S.Ct. 415, 112 L.Ed.2d 374 (1990))). Indeed, we relied on this very case as authority to decide a statutory standing issue that was purportedly waived in Animal Legal Defense Fund, Inc. v. Espy, 23 F.3d 496, 499 (D.C.Cir.1994). So whether or not statutory standing remains a jurisdictional concept, there is nothing improper about raising the- issue ourselves where the parties do not.[6]
Finally, it is worth noting that this question — whether prudential standing should be raised by a federal court sua sponte— typically arises when the government neglects to raise the issue, which might be thought a rare occasion of litigation lapse. However, in both this case and Grocery Manufacturers, the Justice Department failed to do so, and in both cases, the government’s position was defended by the Environmental Division. It would seem that this division — perhaps reflecting the political views of its major “client” (the EPA) — declines to raise standing issues available as a defense. That practice has led to some dramatic contrasts between positions taken by the Civil Division and the Environmental Division. Indeed, in one ease some years ago, a lawyer for the Environmental Division fainted during oral argument while attempting to explain a different position on standing than one argued a few days before by a Civil Division lawyer.
The justification for the Justice Department’s control over all executive branch litigation — a control that I, as a judge, think is even more important than I once thought as a Justice Department official— depends on its ability to ensure uniformity and sophistication in government litigation. It hardly serves that end to allow one division of the Justice Department to sub *679 ordinate a government-wide litigation interest to the desires of one agency.

. The industry group characterizes the rule from Grocery Manufacturers as stating that "[t]his Court considers prudential standing arguments raised by Respondent-Intervenors, even where [respondent] does not raise the objection.” But Grocery Manufacturers does not say that prudential standing has any special relationship to the rule about arguments raised only by intervenors. Rather, it stands for the general principle that the zone-of-interests test is jurisdictional, and therefore must be considered by the court even when not raised by the parties.

. Judge Tatel, writing separately, noted his agreement with those other circuits that found prudential standing non-jurisdictional, but also stated that "[t]his Circuit ... has directly held to the contrary,” and found that the language in Supreme Court decisions collected by the dissent was insufficient “to permit this panel to depart from our clear prior holdings.” Grocery Mfrs. Ass’n v. EPA, 693 F.3d 169, 180 (D.C.Cir.2012) (Tatel, J., concurring).

. I recognize that the Supreme Court has applied the zone-of-interests test to at least one non-statutory cause of action. See Bos. Stock Exch. v. State Tax Comm’n, 429 U.S. 318, 320, 97 S.Ct. 599, 50 L.Ed.2d 514 (1977) (noting that plaintiffs ”suffer[ed] an actual injury within the zone of interests protected by the Commerce Clause”). Perhaps the test is of a more prudential character in the constitutional context, or perhaps that decision was simply anomalous. Either way, when the zone-of-interests is applied for statutory causes of action (as is almost always the case), then it may properly be characterized as a question of statutory standing, for the reasons given above.

. To be sure, Steel Co. indicates that a merits question could be'decided before a statutory standing issue because they are interrelated (i.e., is the plaintiff arguably within its zone of interest?), 523 U.S. at 97 n. 2, 118 S.Ct. 1003 (discussing "[t]he reasons for allowing merits questions to be decided before statutory standing questions”). But that situation only occurs when the court dismisses a case on the merits.

. To confuse matters furthers, consider that personal jurisdiction — unlike Article III standing or subject-matter jurisdiction — may be waived. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

. Prudential standing might therefore stand on the same footing as prudential ripeness. The Supreme Court has indicated that "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.” Reno v. Catholic Soc. Servs., 509 U.S. 43, 57, 113 S.Ct. 2485, 125 L.Ed.2d 38 n.18 (1993). Though the Court has indicated that pmdential ripeness may be waived, Stolt-Nielsen S.A. v. AnimalFeeds Int’l Corp., 559 U.S. 662, 130 S.Ct. 1758, 1767 n. 2, 176 L.Ed.2d 605, it has also held that "even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion.” Nat’l Park Hospitality Ass’n v. Dep't of the Interior, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003).