# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

June 24, 2008

## Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

**No**.  07-1286

NAJIB ZEDAN.,
    *Plaintiff-Appellant*,

       **v.**

BASEM E. HABASH and SUSAN HABASH,
    *Defendants-Appellees*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 06 C 4047
Elaine E. Bucklo, *Judge*.

## Order

      Chief Judge Frank H. Easterbrook's concurrence to the opinion in this case issued on June 16, 2008, has been modified.  Please substitute the attached concurrence.

No. 07-1286
*Zedan v. Habash*

EASTERBROOK, *Chief Judge*, concurring. Although I join the court's opinion without reservation, a few additional observations about appellate jurisdiction are appropriate.

The terminating order of an adversary action in bankruptcy is a "final decision" for the purpose of 28 U.S.C. §158(d). Many decisions in this circuit, and elsewhere, so hold. Any effort to sort the final decisions of adversary proceedings into appealable and non-appealable bins would lead to pointless grief and expense. A clear rule on jurisdictional issues beats a fuzzy standard. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). So we have appellate jurisdiction because Zedan filed an adversary action, in which both the bankruptcy judge and the district judge rendered final decisions.

But should this have happened? As the court's opinion observes, Fed. R. Bankr. P. 4004(d) and 7001(4) say that creditors must initiate adversary actions if they want the court to block or revoke a discharge. These rules appear to be inconsistent with a statute that classifies objections to discharge as contested matters in core proceedings. 28 U.S.C. §157(b)(2)(J); *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004). Rule 7001(4), which governs this subject (Rule 4004(d) is just a pointer), was adopted before 1984, when §157(b)(2)(J) was enacted, and has not been revisited.

If Zedan's objection had been presented as a contested matter, then we would lack appellate jurisdiction. A decision rebuffing one objection to another litigant's request is not "final" in the sense that matters for appellate review. After the bankruptcy judge found Zedan's position wanting, the question whether Habash's debts would be discharged remained open; the judge did not reach the ultimate decision until after Zedan's appeal had been argued in this court. One might as well appeal from an order denying a motion for discovery or a grant of summary judgment on some but not all of a litigant's legal theories. But because Zedan's motion was handled as an adversary action, the disposition is appealable. I do not think that we can dismiss the appeal from the

terminating decision of the proceeding actually conducted, just because the bankruptcy court might have conducted a different kind of proceeding.

Even if we were to hold that §157(b)(2)(J) supersedes Rule 7001(4), the fact would remain that this *was* an adversary action. I recognize that adversary actions can be appropriate within core proceedings, but an objection to a discharge is better handled as a contested matter, as every bankruptcy entails a potential dispute about discharge. Arguments pro and con about discharge do not (at least, need not) entail third parties, as preference-recovery actions commonly do.

As this case shows, the choice between contested matters and adversary proceedings affects appellate review as well as the style and service list of papers filed in the bankruptcy court. I do not see any good reason why the rules should employ a form that can produce appellate review of one creditor's arguments against a discharge, before the bankruptcy court has decided whether the debtor receives one. After Zedan filed his appeal, the bankruptcy judge might have denied Habash a discharge following an objection from the Trustee or a creditor who filed within the deadline. Separating Zedan's arguments from those of other participants in the bankruptcy, and dispatching them for immediate appeal while the bankruptcy judge has yet to decide the main question, presents abstract issues and squanders judicial resources. The appropriate committees should take a look at this subject.