NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5101

PETER KALOS and VERON KALOS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

.

Peter Kalos and Vernon Kalos, of Broad Run, Virginia, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Margaret M. Sweeney

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5101

PETER KALOS and VERON KALOS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-631, Judge Margaret M. Sweeney.

_____

DECIDED:  March 4, 2010

_____

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST.  Dissenting opinion filed by Circuit Judge NEWMAN.

PROST, Circuit Judge.

Peter and Veron Kalos (collectively, "Kalos") appeal the dismissal of their amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  We affirm.

The following facts are taken from Kalos's complaint.  Because we are reviewing the dismissal of the complaint under Rule 12(b)(1) and Rule 12(b)(6), we assume that the complaint's well-pleaded allegations of fact are true.  Bradley v. Chiron Corp., 136

F.3d 1317, 1321 (Fed. Cir. 1998). Our decision does not rely on any of the judicially noticed facts.[1]

Prior to filing this action, a company owned by Kalos, Brickwood Contractors ("Brickwood"), entered into a contract with the Federal Bureau of Prisons. On behalf of Brickwood, Kalos obtained a payment and performance bond from a corporation called Greenwich. The bond named Brickwood as the principal, Greenwich as the surety, and the United States as the obligee. After the Bureau of Prisons terminated its contract with Brickwood for default, it sought to collect from Greenwich on the bond. Collection on the bond was resolved by a settlement agreement between the Bureau of Prisons and Greenwich, whereby Greenwich agreed to pay the full amount of the bond in full satisfaction of its obligations. Kalos was not a party to the settlement agreement, which expressly provided that "[n]othing contained in this Agreement shall be deemed to affect, impact or modify any or all rights, claims, demands, lawsuits or other actions that Brickwood [Kalos] or the Government may have against each other." The agreement released Greenwich and the Bureau of Prisons from any liability, actions, debts, claims or demands against each other. It further stated that the agreement did not create "any third-party beneficiaries."

After this settlement agreement was executed, Greenwich sought to recover from Brickwood by foreclosing on the liens burdening Kalos's property, which secured the bonds. Kalos subsequently lost title to their real property in Great Falls, Virginia and Manassas, Virginia. Both before and after losing title to their property, Kalos asked the

---

[1] Accordingly, we need not decide if the trial court erred by relying on these facts and thus resolving allegedly "disputed facts" against Kalos. See Dissent at 2-3.

U.S. Attorney's Office to confirm that the bonds issued by Greenwich were forgeries and to initiate criminal proceedings. The U.S. Attorney's Office confirmed that the bonds were forgeries, but declined to open a criminal investigation.

Kalos then filed this action in the U.S. Court of Federal Claims. The amended complaint states two different claims. First, Kalos alleges a taking in violation of the Fifth Amendment. According to the complaint, "[a]s a direct result of the actions of the Government, the Plaintiffs [Kalos] lost title to both of their real properties in Great Falls, Virginia and in Manassas, Virginia." Specifically, Kalos points to the settlement agreement between Greenwich and the Bureau of Prisons as preventing them from obtaining compensation for their lost properties. Second, Kalos alleges that the Bureau of Prisons illegally exacted $769,998, the amount Greenwich paid to the Bureau of Prisons pursuant to the settlement agreement. According to Kalos, this settlement agreement "imposed . . . financial liability on [them] without statutory or regulatory authority to do so." Kalos appears to argue that the Bureau of Prisons could not take any action regarding the bonds because the bonds were counterfeit, and thus entering into a settlement agreement regarding the bonds violated 18 U.S.C. § 494 and 31 C.F.R. § 223.13(d).

The Court of Federal Claims dismissed Kalos's takings claim under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. It found that Kalos had not—and could not—establish a "government action" that amounted to a compensable taking of their property interest. The trial court explained that the Bureau of Prison's settlement agreement with Greenwich was not a physical invasion or regulatory action (such as a zoning ordinance) that might qualify as "government action."

The Court of Federal Claims also dismissed Kalos's illegal exaction claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. It found that Kalos failed to cite any statute or regulation that could provide a basis for their illegal exaction claim, explaining that it lacked jurisdiction over criminal matters that might be brought under 18 U.S.C. § 494, and that 31 C.F.R. § 223.10 limits the surety's power to underwrite bonds, not the Bureau of Prison's power to enter into settlement agreements.

On appeal, Kalos argues that the Court of Federal Claims erred in multiple ways. We address each of these arguments below.

First, Kalos argues that the trial court's decision was based on an erroneous reading of the facts and improperly relied on public records. Even giving the complaint the liberal construction Kalos is entitled as a pro se litigant, dismissal was still proper. Despite the dissent's suggestion to the contrary, this is not a suit on a surety contract, because the surety bond is not the basis for Kalos's takings or illegal exaction claims. Cf. Dissent at 3. Instead, the claims are based, respectively, on Greenwich's foreclosure of its (private) lien on Kalos's properties and on the settlement agreement between Greenwich and the government. As explained below, however, Kalos has no standing to sue the government based on either Greenwich's foreclosure or the settlement agreement. When a complaint fails to state a cognizable claim, we cannot adjudicate the case further—we lack authority to remand the case for additional fact finding or clarification. See Kontrick v. Ryan, 540 U.S. 443, 454-55 (2004); Larson v. Correct Craft, Inc., 569 F.3d 1319, 1325 (Fed. Cir. 2009).

To allege a cognizable taking under the Fifth Amendment, a person suing for the loss of his property must show that the loss, or "taking," was the result of government action. Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir. 2005). Kalos's takings claim was properly dismissed because Kalos has not identified a "government action" entitling them to compensation under the Fifth Amendment. Huntleigh USA Corp. v. United States, 525 F.3d 1370, 1381-82 (Fed. Cir. 2008); see also Air Pegasus, 424 F.3d at 1215-16. Kalos's two properties in Virginia were both sold to satisfy liens placed on the property by Greenwich, a private corporation, and purchased by private third parties, not the government. Accordingly, these sales did not involve a "physical invasion or appropriation" by the government, or a "government regulation[]" burdening the Kalos's property. See Palmyra Pac. Seafoods, L.L.C. v. United States, 561 F.3d 1361, 1366-67 (Fed. Cir. 2009); Belk v. United States, 858 F.2d 706, 709 (Fed. Cir. 1988). Since a showing of "government action" is required, whether or not Kalos has a claim against Greenwich has no bearing on whether dismissal was proper.

Similarly, the Court of Federal Claims properly dismissed Kalos's illegal exaction claim. As an initial matter, the trial court did not err in dismissing the claim, notwithstanding Kalos's attempts to "delete" it by filing a second amended complaint. Because Kalos had already amended their complaint once, any subsequent amendment could only be made with the trial court's permission. Fed. R. Civ. P. 15(a)(2). It was not an abuse of discretion to deny Kalos's request to amend their complaint a second time, since the request would have resulted in delay, the government had already filed its motion to dismiss, and the proposed amendment would

not have cured the jurisdictional flaws in the previously-filed complaints. <u>Cultor Corp. v. A.E. Staley Mfg. Co.</u>, 224 F.3d 1328, 1333 (Fed. Cir. 2000) ("Futility of the proposed amendment is an adequate reason to deny leave to amend.") Accordingly, the trial court properly considered the illegal exaction claim in deciding whether to dismiss the first amended complaint.

As to the substance of the illegal exaction claim, dismissal was proper because Kalos failed to identify a "statutory power" pursuant to which the $769,998 was exacted. <u>Norman v. United States</u>, 429 F.3d 1081, 1095-96 (Fed. Cir. 2005). To survive the government's motion to dismiss, it was not enough for Kalos to cite 18 U.S.C. § 494 and 31 C.F.R. § 223.13(d), because there is no evidence that the government relied on either to obtain the $769,998. <u>Id.</u> Even if Kalos were able to identify a permissible statutory authority, Kalos has still not satisfied the other requirements for making out an illegal exaction claim: to be entitled to relief, Kalos was required to show that the $769,998 was "exacted" from them, either "directly or in effect." <u>Aerolineas Argentinas v. United States</u>, 77 F.3d 1564, 1573 (Fed. Cir. 1996); <u>see also</u> <u>Norman</u>, 429 F.3d at 1096. Kalos cannot satisfy this requirement because the $769,998 was paid by Greenwich, not Kalos, pursuant to Greenwich's settlement with the government. Thus, this payment cannot be attributed to Kalos, who was not a party to the settlement agreement or a third-party beneficiary of it.

Finally, Kalos is not entitled to relief based on the other asserted "errors." Kalos argues the Court of Federal Claims erred by 1) treating the government's motion to dismiss the "complaint" as applying to the "amended complaint"; 2) failing to enter

default against the government pursuant to Rule 55(a); and/or 3) denying as moot Kalos's request to file a second response to the government's motion to dismiss.

First, the trial court did not abuse its discretion by construing the government's motion to dismiss as applying to the amended complaint, given that the amended complaint contained the same claims and substantially the same factual allegations as the original. See Fed. R. Civ. P. 12(a)(4); cf. Easter v. United States, 575 F.3d 1332, 1336 (Fed. Cir. 2009) (examining whether a party had a "reasonable opportunity" to oppose the motion to dismiss). Similarly, it was not error for the trial court to refuse to enter default under Rule 55(a), because the government "defend[ed]" by filing a motion to dismiss. See Fed. R. Civ. P. 55(a), 12(b). Finally, the trial court did not abuse its discretion by refusing to let Kalos respond a second time to the government's motion to dismiss, since Kalos had already responded in December 2008. Cf. Easter, 575 F.3d at 1336-37.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5101

PETER KALOS and VERON KALOS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Case No. 08-CV-631, Judge Margaret M. Sweeney.

NEWMAN, <u>Circuit Judge</u>, dissenting.

This case reaches us with an odd and confused record. Mr. Kalos, proceeding pro se in the Court of Federal Claims and in this court, alleged by complaint that the United States, acting through the Bureau of Prisons, received full payment on the performance bond from the surety, Greenwich Insurance Co. The government appears to agree, for it states that it has no claim against Kalos or his company, Brickwood Contractors Inc. Yet Kalos states in his complaint that there was an improper foreclosure on the real property in Manassas and Great Falls, Virginia that he personally owned, which he had personally pledged to assure performance of the contract between his company and the Bureau of

Prisons. He states that the property has been taken and that its value of over $4 million is several times the government's claim for non-performance. He thus asserted claims for a Fifth Amendment taking, illegal exaction, and breach of contract. The Court of Federal Claims dismissed the complaint on the pleadings, going outside of the pleadings and into an undeveloped record to reach disputed facts, upon which my colleagues hold that Kalos cannot obtain judicial attention sufficient to explore the irrational consequences of his failed contract.

The Court of Federal Claims, in its dismissal, took judicial notice of information outside of the record, such as statements in briefs filed in a bankruptcy proceeding, to contradict the allegations in Kalos's complaint. For example, Kalos stated in his complaint that he authorized a lien of $154,000 on his Virginia property, but the Court of Federal Claims found, by footnote, that liens of $400,000 and $700,000 were placed against these properties. Kalos v. United States, 87 Fed. Cl. 230, 232 n.3. Greenwich provided two bonds, a performance bond and a payment bond. After Brickwood defaulted, Greenwich paid the full amount of the contract ($769,998), and the settlement agreement between the Bureau of Prisons and Greenwich stated that the payment is "in full satisfaction of [Greenwich's] obligations pursuant to the performance bond." The settlement agreement, however, left the payment bond in "full force and effect." See Amended Compl. ¶¶51-55.

Nothing in the records clarifies whether any claim has been made under the payment bond. Nonetheless, there was a foreclosure on Kalos's property that secured both bonds, which is alleged to be worth more than $4 million and is encumbered by Greenwich's liens for $1.1 million. With liens for more than the full amount of the

government contract, and property value exceeding the liens, the total loss of the property, if accurately reported, warrants at least minimal judicial attention.

Kalos alleges there has been a double recovery. Certainly if Greenwich only paid under the performance bond for $769,998, it should not have recovered the total amount of the liens or the total value of the property. The government remains silent. While the trial court criticized Kalos for "fail[ing] to supply supporting affidavits or correspondence" with the complaint, on a motion for dismissal on the pleadings, the facts as pleaded are accepted, and summary dismissal, leaving no recourse when injury is apparent, is not the favored process.

The government contends that it has "suffered no loss on the bond" and attempts to remove itself from this dispute. The government, however, required these bonds to secure the government contract. Moreover, surety undertakings for bonds on government contracts are three-way contracts that include the government. Of course, it is possible that the factual assertions in the complaint are inaccurate. However, the Court of Federal Claims left no opportunity for Kalos—the entity who states that he suffered adverse consequences—to sort out these events.

A claim against the United States arising from a government contract and its consequences is properly brought in the Court of Federal Claims, whether viewed as arising under the Contract Disputes Act or the Fifth Amendment. Kalos is entitled to judicial attention sufficient to resolve the facts that are material to his claim.