
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN INDEPENDENCE MINES AND MINERALS CO., an Idaho joint venture composed of Ivy Minerals, Inc., an Idaho corporation, and Walker Mining Company, an Idaho corporation and IVY MINERALS, INC., an Idaho corporation, <br><br> Plaintiffs - Appellants, <br><br> and <br><br> VALLEY COUNTY, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, an agency of the United States; et al., <br><br> Defendants - Appellees. | No. 11-35123 <br><br> D.C. No. 1:09-cv-00433-EJL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 10, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant, American Independence Mines and Minerals Co. ("American Mines"), appeals the dismissal of its complaint seeking judicial review of a travel management plan governing use of the roads in the Payette National Forest. American Mines filed suit against the U.S. Department of Agriculture, the Secretary of Agriculture Tom Vilsack, the U.S. Forest Service, and several local employees of the U.S. Forest Service (collectively, the "Federal Defendants") for alleged NEPA violations stemming from the issuance of new road use regulations in the Payette Forest.

The complaint alleged that the final environmental impact statement underlying the travel management plan was based on facts that the U.S. Forest Service knew were inaccurate. The district court dismissed the complaint after concluding that American Mines' interest in the Payette National Forest was purely economic, and therefore it lacked prudential standing under NEPA. American Mines subsequently filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, which was untimely by one day. The Federal Defendants opposed the Rule 59(e) motion but did not object on timeliness grounds. The district court granted

2

the Rule 59(e) motion, in part, but left intact its holding regarding American Mines' lack of standing.

The Federal Defendants argue that we do not have jurisdiction over this appeal because the time to file a Rule 59(e) motion cannot be extended by the court. The Supreme Court has distinguished between time constraints mandated by statute, *i.e.*, jurisdictional rules that pertain to the court's ability to hear the case, and judicially-imposed time restraints, *i.e.*, claim-processing rules that can be forfeited if not raised in a timely fashion. *See Kontrick v. Ryan*, 540 U.S. 443, 452–56 (2004); *Eberhardt v. United States*, 546 U.S. 12, 15–19 (2005). We have held that Rule 6(b), the rule governing time limits for Rule 59(e) motions, is a claim-processing rule subject to forfeiture. *See Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Because the Federal Defendants failed to raise untimeliness until after the district court had considered the merits of the Rule 59(e) motion, they forfeited that argument. *See Eberhardt*, 546 U.S. at 18–19.

We review the denial of a Rule 59(e) motion to amend for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

*Prudential standing*

Prudential standing requires that "the interest sought to be protected by the complainant arguably [must be] within the zone of interests to be protected or regulated by the statute . . . in question." *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 939–40 (9th Cir. 2005). Although the prudential standing test "is not meant to be especially demanding," *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2210 (2012) (internal quotation marks omitted), the district court did not abuse its discretion in refusing to identify a theory for prudential standing that arguably was mentioned in a 39-page, single-spaced attachment to the complaint, but such theory was neither articulated in the 33-page complaint nor argued in response to the motion to dismiss.

American Mines alleges that its economic interests are within NEPA's zone of interests because its business is necessarily intertwined with the environment. The district court concluded that American Mines' efforts "were not environmental in nature but were completed in pursuit of Plaintiffs' economic interests in mineral resource development and, therefore, do not fall within the environmental zone of interests." We agree.

The *Ashley Creek* court held that § 102 cannot be divorced from the overall purpose of NEPA, which the court defined as "a national commitment to protecting

4

and promoting environmental quality." *Ashley Creek*, 420 F.3d at 944–45. American Mines asserts that its environmental interests are driven by considerations of practicality, regulatory compliance, and business judgment that compel it to mine in a responsible fashion. American Mines' argument relies on three paragraphs in the complaint that allege its commitment to environmental studies and mitigation activities. However, these activities, as the district court correctly held, are undertaken only as part of the pursuit of American Mines' economic interests in mining in the Payette Forest. These purely economic interests do not fall within NEPA's environmental zone of interests. *See id.* at 945; *Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1103–04 (9th Cir. 2005); *Nevada Land Action Ass'n v. U.S. Forest Serv.*, 8 F.3d 713, 716 (9th Cir. 1993). Therefore, American Mines lacks prudential standing.

AFFIRMED.