# United States Court of Appeals
# for the Federal Circuit

---

**ROBYN J. LEMUS,**
*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2014-8005

---

Petition for review of a decision of the Bureau of Justice Assistance in PSOB Claim No. 2006-99.

---

Decided: July 16, 2014

---

HANS KENNON, Morgan & Morgan, P.A., of Orlando, Florida, for Petitioner.

ELIZABETH WITWER, Attorney, United States Department of Justice, of Washington, DC, for Respondent.

---

**ON MOTION**

---

Before PROST, *Chief Judge,* WALLACH and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

## O R D E R

Petitioner Robyn J. Lemus filed a claim with the Bureau of Justice Assistance ("Bureau"), seeking benefits under the Public Safety Officers' Benefits Act ("PSOBA") for the death of her spouse. On December 17, 2013, Ms. Lemus was served with the Bureau's final determination denying her claim. On March 20, 2014, Ms. Lemus's counsel filed a notice of appeal with this court. The government moves to dismiss Ms. Lemus's appeal for lack of jurisdiction on the basis that her notice was filed after the expiration of the 90-day filing deadline of 42 U.S.C. § 3796c-2. In response, Ms. Lemus moves to "extend time" for the filing of her appeal. Because we find that the filing deadline of § 3796c-2 is jurisdictional and thus not subject to equitable tolling, we deny Ms. Lemus's motion to extend time and grant the government's motion to dismiss.

Our power to hear PSOBA appeals is rooted in § 3796c-2, which authorizes "appeals from final determinations of the Bureau . . . to the Court of Appeals for the Federal Circuit, which shall have exclusive jurisdiction . . . ." Prior to January 2013, § 3796c-2 did not contain a time limit for the filing of appeals. *See* 42 U.S.C. § 3796c-2 (2012). However, on January 2, 2013, the statute was amended to include the following:

> [O]n and after [January 2, 2013], no appeal shall bring any final determination of the Bureau before any court for review unless notice of appeal is filed (within the time specified herein and in the manner prescribed for appeal to United States courts of appeals from United States district courts) not later than 90 days after the date on

> which the Bureau serves notice of the final determination . . . .

National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 1086(c) 126 Stat. 1632, 1969 (2013).

Ms. Lemus filed her notice of appeal on March 20, 2014, three days after the expiration of the statutory 90-day filing period. If the filing period of § 3796c-2 is "mandatory and jurisdictional," then we must dismiss Ms. Lemus's appeal. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007). But if the filing period is akin to a "claims-processing rule" that Congress did not intend to carry "jurisdictional consequences," then jurisdictional barriers do not bar us from considering Ms. Lemus's request to toll the statute. *See Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1203 (2011). We thus must address a question of first impression: Is the 90-day filing period of § 3796c-2 jurisdictional? We hold that it is.

In the context of "ordinary civil litigation," the Supreme Court has consistently held that the time limits for filing a notice of appeal are jurisdictional. *See id.* at 1205–06 (discussing *Bowles*, 551 U.S. at 209–10). But in the context of judicial review of administrative decisions, the Court has found that certain statutory filing deadlines are "claims-processing rules" that do not limit a court's jurisdiction. *See id.* The key inquiry requires "look[ing] to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Id.* at 1203 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006)). Although Congress's intent must be clear, it need not be explicit. "Context, including this Court's interpretation of similar provisions in many years past, is relevant. When a long line of this Court's decisions left undisturbed by Congress has treated a similar requirement as jurisdictional, we will presume that Congress intended to follow that course." *Henderson*, 131 S. Ct. at 1203.

Relevant here, the Supreme Court has treated provisions similar to § 3796c-2 as jurisdictional. In *Henderson*, the Court held that 38 U.S.C. § 7266(a)—which imposed a 120-day deadline for filing a notice of appeal in the Court of Appeals for Veterans Claims ("Veterans Court")—was not jurisdictional.[1] In explaining its conclusion that Congress did not intend for the 120-day limit to be treated as jurisdictional, the Court contrasted § 7266(a) with § 7292(a), the provision of the Veterans' Judicial Review Act ("VJRA") that authorizes our review of decisions of the Veterans Court.

> If Congress had wanted the 120-day time to be treated as jurisdictional, it could have cast that provision in language like that in the provision of the VJRA that governs Federal Circuit review of decisions of the Veterans Court. This latter provision states that Federal Circuit review must be obtained "within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts." § 7292(a). Because the time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional, this language clearly signals an intent to impose the same restrictions on appeals from the Veterans Court to the Federal Circuit. But the 120-day

---

[1]   The text of 38 U.S.C. § 7266 states: "In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title."

limit at issue in this case is not framed in comparable terms.

*Id.* at 1204–05 (citations omitted).

Unlike the 120-day filing limit of 38 U.S.C. § 7266(a), the statutory limit at issue here uses language of jurisdictional consequence. In drafting the January 2013 amendment to 42 U.S.C. § 3796c-2, Congress employed the language that the Court in *Henderson* indicated "clearly signals an intent to impose" jurisdictional restrictions. The text of the statute specifies that an appeal shall not be brought "unless notice of appeal is filed (*within the time specified herein and in the manner prescribed for appeal to United States courts of appeals from United States district courts*) not later than 90 days after the date on which the Bureau serves notice of the final determination." § 3796c-2 (emphasis added).

The statute goes beyond merely specifying what procedural steps must be taken to appeal. By its terms, § 3796c-2 speaks to our authority to hear a PSOBA appeal by establishing a "built-in time constraint." *See Kontrick v. Ryan*, 540 U.S. 443, 453 (2004). Moreover, § 3796c-2 uses language similar to 28 U.S.C. § 2107(a)—the statute governing appeals from district court civil proceedings, which has long been held jurisdictional. *See Bowles v. Russell*, 554 U.S. 205 (2007) (noting that § 2107 "contains the type of statutory time constraints that would limit a court's jurisdiction").[2]

---

[2] Section 2107(a) provides, in relevant part, that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of civil nature before a court of appeals for review unless notice of appeal is filed, within 30 days after entry of such judgment, order, or decree."

Finally, although not necessary to our holding here, we note that the legislative history of § 3796c-2 provides further support for our conclusion that Congress intended for the statutory filing period to carry jurisdictional consequences. The House Report accompanying the January 2013 amendment explained that the legislation added "a *jurisdictional* time limit for appeals . . . ." H.R. Rep. No. 112-548, at 17 (2012) (emphasis added).

For the foregoing reasons, we hold that the statutory deadline of § 3796c-2 is jurisdictional and not subject to equitable exception. Because Ms. Lemus's appeal of the Bureau's final determination was filed outside of the statutory deadline of § 3796c-2, we must dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The government's motion to dismiss is granted.

(2) Ms. Lemus's motion for an extension of time to file her appeal is denied.

(3) Each side shall bear its own costs.


FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court