**SKY TELEVISION, LLC, Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 13–1270.

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 2014.

Meredith S. Senter, Jr., S. Jenell Trigg, Lerman Senter PLLC, Washington, DC, for Petitioner.

David Morris Gossett, Jacob M. Lewis, Jonathan Bruce Sallet, Pamela Louise Smith, Richard Kiser Welch, Federal Communications Commission (FCC) Office of General Counsel, William J. Baer, Adam Daniel Chandler, Robert B. Nicholson, U.S. Department of Justice, Washington, DC, for Respondents.

Before: GRIFFITH, KAVANAUGH, and MILLETT, Circuit Judges.

### JUDGMENT

This appeal was considered on the briefs and joint appendix submitted by the parties. The court has afforded the issues full

542

consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition be **DENIED.**

Sky Television, LLC, challenges a final order of the Federal Communications Commission amending the Schedule of Regulatory Fees. *See* Assessment and Collection of Regulatory Fees for Fiscal Year 2013, 28 FCC Rcd 12351 (2013) (2013 Order). In the 2013 Order, the Commission amended the Schedule to combine the previously separate fee categories for Very High Frequency (VHF) and Ultra High Frequency (UHF) television stations into a single, market-based fee category effective in fiscal year 2014 (FY 2014). The Commission adopted this change to account for the 2009 transition to digital television, which rendered the once highly-coveted VHF channels less valuable in terms of prestige and audience than their historically disadvantaged UHF counterparts. 2013 Order, 28 FCC Rcd at 12361–62. At the time of the 2013 Order, the Schedule still reflected VHF's now obsolete advantage, resulting in a regulatory fee disparity between VHF stations (whose fees were too high) and UHF stations (whose fees were too low). The 2013 Order "eliminate[d] the fee disparity" effective in FY 2014. *Id.* at 12362. Sky, which operates a VHF station, contends that the Commission unreasonably delayed in adopting a change it argues was long needed, and that, in the context of this unreasonable delay, the Commission's decision to further postpone the amendment's effective date until FY 2014 is arbitrary and capricious. As a result of the amendment's delayed effective date, Sky claims that it was once again charged a disproportionately high regulatory fee in FY 2013. Sky thus requests that this court order the Commission to implement the amendment and apply its concomitant fee decrease for VHF stations in FY 2013.

We deny Sky's petition for review. Under 47 U.S.C. section 159(b)(3), the Commission is directed to amend the Schedule by "reclassify[ing] services in the Schedule to reflect additions, deletions, or changes in the nature of its services as a consequence of Commission rulemaking proceedings or changes in law" if "the Commission determines that the Schedule requires" such amendment. *Id.* The statute further provides that "[i]ncreases or decreases in fees made by amendments pursuant to this paragraph shall not be subject to judicial review." *Id.* So long as the Commission has amended the Schedule to alter the amount of existing fees pursuant to the terms of section 159(b)(3), we may not review whether such a fee alteration is arbitrary, capricious, or procedurally defective. *COMSAT Corp. v. FCC*, 114 F.3d 223, 227 (D.C.Cir.1997) (*COMSAT I*) ("[T]he courts may not review the Commission's actions where the Commission has acted within the scope of its authority under [section 159(b)(3) ]."); *see also Amgen, Inc. v. Smith*, 357 F.3d 103, 113 (D.C.Cir.2004) ("If a no-review provision shields particular types of administrative action, a court may not inquire whether a challenged agency decision is arbitrary, capricious, or procedurally defective, but it must determine whether the challenged agency action is of the sort shielded from review.").

Sky does not dispute that the 2013 Order constitutes a validly adopted amendment under section 159(b)(3), nor does Sky contest that the effect of the amendment is to increase and decrease regulatory fees. Sky insists, however, that it is not challenging an increase or decrease in fees, but rather the Commission's decision to unrea-

sonably delay adoption of the fee-altering amendment. This distinction is untenable. Such inquiries into the reasonableness and timeliness of Commission action to change existing fees are little more than semantic attempts to repackage what are, in essence, challenges to the amount of the annual fee being imposed, and thus implicate the precise lines of inquiry that section 159(b)(3) forecloses. Sky also argues that section 159(b)(3) only precludes review of "increases or decreases in fees," not of the other Commission actions contemplated by that statute. Since Sky seeks review of a change in fee categories, the company argues that the change is reviewable—presumably because it is distinct from the resulting change in fees. We disagree. The purpose and effect of the amendment here is to lower and raise the respective regulatory fees paid by VHF and UHF stations. Reviewing the 2013 Order would thus mean reviewing "an amendment to increase the amount of an existing fee . . . for a statutorily permissible reason." *COMSAT I*, 114 F.3d at 227. This we cannot do.

Sky contends that this case is similar to *COMSAT I*. In that case, we concluded that section 159(b)(3) does not preclude judicial review where the Commission has adopted an amendment that exceeds its statutory authority. *COMSAT I*, 114 F.3d at 224 ("[T]here is no preclusion of judicial review where, as here, the Commission has acted outside the scope of its authority under [section] 159(b)(3)."). Sky misconstrues our holding. In *COMSAT I*, we found that the Commission exceeded its statutory authority by acting in a way the statute did not authorize. This is no more than a restatement of the general principle that, even where a statute precludes judicial review, "judicial review is available when an agency acts *ultra vires.*" *Aid Ass'n for Lutherans v. U.S. Postal Serv.*, 321 F.3d 1166, 1173 (D.C.Cir.2003). That same logic explains why we proceeded to review the petitioner's claims in *PanAmSat Corp. v. FCC*, 198 F.3d 890 (D.C.Cir. 1999). By contrast, Sky does not challenge the Commission's statutory authority to amend the Schedule.. Instead, Sky argues primarily that the Commission's decision to delay resolving the fee disparity until FY 2014 and its failure to address the problem until now are arbitrary and capricious. These are precisely the sort of questions section 159(b)(3) shields from our review. Sky also points out that this Court reviewed a challenge to the amount of a fee imposed by a Schedule amendment in *COMSAT Corp. v. FCC*, 283 F.3d 344 (D.C.Cir.2002) (*COMSAT II*). As an initial matter, *COMSAT II* cannot help Sky on this question: the parties did not raise or brief the issue of judicial review preclusion in that case, and so we did not address it. *See, e.g. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("[D]rive-by jurisdictional rulings . . . should be accorded no precedential effect.") (internal quotations marks and citation omitted). In any event, *COMSAT II* did not implicate section 159(b)(3)'s bar on judicial review. That case involved COMSAT's challenge to its initial inclusion on the Schedule as a provider which was subject to the space station fee. The Schedule amendment in *COMSAT II* thus added a provider which had not previously been subject to the space station fee at all. By contrast, the 2013 Order simply reclassified and re-allocated fees among existing providers. Sky does not dispute the Commission's authority to impose the fee or that Sky remains subject to it. Instead, Sky is challenging the amount of the annual fee being imposed on it and seeking a readjustment of the amount of that fee. Under section 159(b)(3), we cannot review Sky's petition.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).