Accordingly, plaintiff's Fifth Amendment claim, as alleged in the Amended Complaint, also must be dismissed. See, e.g., Sierra Club v. Jackson, 648 F.3d 848, 853 (D.C. Cir. 2011) (certain justiciability questions should be addressed under Rule 12(b)(6) ); Matthew A. Goldstein, PLLC v. U.S. Dep't of State, 153 F.Supp.3d 319, 331 n.9 (D.D.C. 2016) (matters of prudential ripeness may be properly resolved under Rule 12(b)(6), rather than Rule 12(b)(1) ), aff'd, 851 F.3d 1 (D.C. Cir. 2017).
II. Statutory Claims
It is undisputed that the DHS Secretary's October 2018 Waiver Determination, if validly exercised, deprives the Court of jurisdiction to hear plaintiff's NEPA and ESA claims. "Only Congress may determine a lower federal court's subject-matter jurisdiction." Kontrick v. Ryan, 540 U.S. 443, 452, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (citing U.S. Const. art. III, § 1 ). And "when it comes to jurisdiction, the Congress giveth and the Congress taketh away." In re al-Nashiri, 791 F.3d 71, 76 (D.C. Cir. 2015) ; see 5 U.S.C. § 701(a)(1) (APA does not apply where "statute[ ] preclude[s] judicial review"); Robbins v. Reagan, 780 F.2d 37, 42 (D.C. Cir. 1985) (APA and federal question jurisdiction are "subject ... to preclusion-of-review statutes created or retained by Congress"). In the case of IIRIRA, Congress expressly granted to the Secretary the authority to "waive all legal requirements" that, in the "Secretary's sole discretion, [are] necessary to ensure expeditious construction of the barriers and roads" described in the statute. IIRIRA § 102(c)(1). As such, "a valid waiver of the relevant environmental laws under section 102(c) is an affirmative defense to all [of plaintiff's] environmental claims." In re Border Infrastructure Environmental Litig. , 915 F.3d 1213, 1221 (9th Cir. 2019).
NABA does not argue that the geographic scope of the Secretary's Waiver Determination fails to encompass the Butterfly Center. See Waiver Determination, 83 Fed. Reg. at 51473 (defining covered area). Thus, the waiver extinguishes plaintiff's NEPA and ESA claims, as those statutes (and the APA) create "legal requirements"
*9 that no longer apply to actions related to "the construction of roads and physical barriers"-e.g., excavation, site preparation, installation and upkeep of barriers, roads, and sensors-in the covered area. Id. at 51473-74; see In re Border Infrastructure Environmental Litig. , 915 F.3d at 1225 ("The Secretary has waived the legal requirements that [plaintiffs] allege DHS violated."). It is of no moment that the waiver was issued after the commencement of this action. See In re Border Infrastructure Environmental Litig. , 915 F.3d at 1221 n.8 (rejecting argument that previously effective statutory requirements survive waiver because "the waiver provision says nothing about when the agency must invoke its authority," and thus no "relief could be granted once DHS issued the waivers").
IIRIRA also expressly precludes federal court jurisdiction to review any non-constitutional "causes or claims" that "aris[e] from any action undertaken, or any decision made, by the Secretary of Homeland Security pursuant to" the Secretary's waiver authority. IIRIRA § 102(c)(2)(A); Save Our Heritage Org. v. Gonzales, 533 F.Supp.2d 58, 60 (D.D.C. 2008) ("The only claims permitted under the [IIRIRA] waiver provision are those 'alleging a violation of the Constitution.' ") (quoting IIRIRA § 102(c)(2)(A) ). In other words, IIRIRA not only permits the Secretary to waive NEPA and the ESA, but it also precludes any non-constitutional challenge to the waiver itself.
However, IIRIRA's preclusion-of-review provision does not end the matter. NABA contends that I may review whether the Secretary's waiver was ultra vires for failure to consult with other stakeholders, as required under IIRIRA § 102(b)(1)(C). While defendants respond that such non-statutory review is also foreclosed, it is well established in our Circuit that "even where a statute precludes judicial review, 'judicial review is available when an agency acts ultra vires .' " Sky Television, LLC v. F.C.C. , 589 Fed.Appx. 541, 543 (D.C. Cir. 2014) (quoting Aid Ass'n for Lutherans v. U.S. Postal Serv. , 321 F.3d 1166, 1173 (D.C. Cir. 2003) ). Not surprisingly, however, non-statutory review of agency action is "of extremely limited scope." Griffith v. Fed. Labor Relations Auth. , 842 F.2d 487, 493 (D.C. Cir. 1988) ; see also Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 190 (D.C. Cir. 2006). "If a no-review provision shields particular types of administrative action, a court may not inquire whether a challenged agency decision is arbitrary, capricious, or procedurally defective." Amgen, Inc. v. Smith, 357 F.3d 103, 113 (D.C. Cir. 2004). The Court must only "determine whether the challenged agency action is of the sort shielded from review." Id.
Here, the Secretary's waiver "is of the sort shielded from review" under IIRIRA, and plaintiff's ultra vires argument is predicated on an alleged procedural defect. See id. The consultation provision on which NABA relies provides that "[i]n carrying out this section, the Secretary of Homeland Security shall consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and property owners in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which such fencing is to be constructed." IIRIRA § 102(b)(1)(C). Although the statutory language is phrased in mandatory terms, the provision "does not provide any specific limitation or guidance concerning when or how consultation is to occur except expressly stating who shall be consulted."
*10 In re Border Infrastructure Environmental Litig. , 284 F.Supp.3d 1092, 1126 (S.D. Cal. 2018), aff'd, 915 F.3d 1213 (9th Cir. 2019). In other words, IRIRA is silent as to whether the consultation required must occur prior to a waiver determination. Moreover, the decision whether to exercise the waiver authority is in the Secretary's "sole discretion." IIRIRA § 102(c)(1). The statute neither requires the Secretary to consult with the stakeholders identified in § 102(b)(1)(C) before exercising her waiver authority, nor indicates that the Secretary's waiver power in any way depends on the views of those third parties.
Pre-waiver consultation may be wise policy, but it not a statutory requirement. As such, even assuming the complete absence of consultation here, I cannot conclude that the Secretary's Waiver Determination was plainly in excess of her delegated statutory powers or contradicted a clear statutory mandate. See In re Border Infrastructure Environmental Litigation, 284 F.Supp.3d at 1126 (rejecting ultra vires argument that Secretary exceeded "delegated powers by approving the waivers or executing construction contracts prior to completing the consultation process" because IIRIRA lacks "a 'clear and mandatory' mandate regarding the timing of consultation"); Griffith, 842 F.2d at 493. My jurisdiction therefore does not extend beyond NABA's constitutional claims, and its statutory claims must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.
CONCLUSION
For the foregoing reasons, defendants' motions to dismiss are hereby GRANTED, plaintiff's constitutional claims are DISMISSED without prejudice, and plaintiff's statutory claims are DISMISSED with prejudice. A separate order consistent with this decision accompanies this Memorandum Opinion.