NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of:  JAMES ALVIN GROVE, | No.    21-55843 |
| Debtor, | D.C. No. 8:21-cv-00408-DOC |
| ------------------------------ | |
| SARINE NIGOLIAN; GRANT NIGOLIAN, | MEMORANDUM* |
| Plaintiffs-Appellees, | |
| v. | |
| JAMES ALVIN GROVE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 10, 2022**
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

Sarine and Grant Nigolian filed an adversary complaint against James Grove, a Chapter 7 debtor. Although Grove was personally served with the complaint, he claimed the bankruptcy court lacked personal jurisdiction because the Nigolians failed to also serve his bankruptcy counsel, Michael Nicastro, as required by Federal Rule of Bankruptcy Procedure 7004(g). The bankruptcy court granted Grove's motion. The district court vacated the dismissal, finding that Grove had waived any objection to the failure to serve counsel. We review the district court's decision de novo, *see In re Saxman*, 325 F.3d 1168, 1172 (9th Cir. 2003), and may affirm on any ground supported by the record, *see In re Parker N. Am. Corp.*, 24 F.3d 1145, 1151 (9th Cir. 1994).

Bankruptcy Rule 7004(g) provides that if a "debtor is represented by an attorney," service "shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F. R. Civ. P." Contrary to Grove's arguments and the apparent assumption of the bankruptcy court, Rule 7004(g) is not a jurisdictional provision. *See Kontrick v. Ryan*, 540 U.S. 443, 453–54 (2004); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). Therefore, the relevant question is whether Grove was prejudiced by the failure to serve his bankruptcy counsel. *See United Food & Com. Workers Union, Locs. 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (reasoning that dismissal "is generally not justified absent a showing of prejudice").

There is no evidence that Grove was prejudiced by the failure to serve bankruptcy counsel. Grove hired another lawyer, Michael Spector, to handle the adversary complaint. Spector timely filed an answer and participated fully in the adversary proceedings. There is no indication that those proceedings were delayed or affected by the failure to serve Nicastro. Indeed, Spector indicated in a July 2020 joint status report, filed over a month before the motion to dismiss, that he would be ready for trial as soon as October 2020. Because the bankruptcy court erred in dismissing the adversary complaint, we affirm the district court.

**AFFIRMED.**