NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO SOLIZ-VASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 23-1907 <br><br> Agency No. A213-083-484 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2026**
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Petitioner Antonio Soliz-Vasquez ("Soliz-Vasquez"), a Mexican national,

seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of his applications for cancellation of removal.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Soliz-Vasquez seeks a remand to the IJ, contending that his original Notice to Appear ("NTA") was defective under the Immigration and Nationality Act's ("INA") date-and-time requirement, an argument he first raised before the BIA. We review the BIA's denial of a motion to remand under an abuse-of-discretion standard. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). We may reverse only if the BIA's decision is arbitrary, irrational, or contrary to law. *Id*. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

1. The INA's requirement that NTAs contain information about "the time and place at which the proceedings will be held," 8 U.S.C. § 1229(a)(1)(G)(i), is a claim-processing rule, and not a requirement related to subject matter jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192–93 (9th Cir. 2022) (en banc). "[T]he Supreme Court has long rejected the notion that all mandatory prescriptions, however emphatic, are properly typed jurisdictional." *Id*. at 1191 (citing *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012)) (citation modified). We have held that an undated NTA, later supplemented with a notice of hearing that specified the time and date of a removal hearing, was enough to vest jurisdiction in the immigration court. *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019). Thus, a petitioner may forfeit his opportunity to challenge a defective NTA if he waits too long to object to that NTA's noncompliance. *See Bastide-*

*Hernandez*, 39 F.4th at 1191; *see also Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam) (noting that claim-processing rules are not jurisdictional and may be forfeited).

An objection to a purportedly defective NTA will generally be considered timely "if it is raised prior to the closing of pleadings before the Immigration Judge." *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (B.I.A. 2022). This standard affords sufficient time for the petitioner to secure counsel and affords the government the opportunity to remedy a defective NTA prior to the adjudication of substantive matters, thus minimizing needless delays. *Fernandes*, 28 I. & N. Dec. at 610; *see also Kontrick v. Ryan*, 540 U.S. 443, 460 (2004) (noting that claim-processing rules may not be construed to allow litigants to subsequently challenge a defect "after the party has litigated and lost the case on the merits"). Accordingly, the BIA did not abuse its discretion in holding that Soliz-Vasquez's argument that his noncompliant NTA violated the time-and-place requirement in 8 U.S.C. § 1229(a)(1) was untimely.

Soliz-Vasquez's brief citations to *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), and *Pereira v. Sessions*, 585 U.S. 198 (2018), are unavailing. Those cases addressed the stop-time rule for determining a noncitizen's accrual of continuous physical presence for cancellation-of-removal eligibility. *Niz-Chavez*, 593 U.S. at 172; *Pereira*, 585 U.S. at 202. That issue is not in play here.

23-1907

2. Soliz-Vasquez waived his challenges to the agency's denial of his cancellation application by failing to address them in his opening brief "specifically and distinctly." *Hernandez v. Garland*, 47 F.4th 908, 916 (9th. Cir. 2022) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

Accordingly, the BIA did not abuse its discretion in holding that Soliz-Vasquez's argument that his noncompliant NTA violated the time-and-place requirement in 8 U.S.C. § 1229(a)(1) was untimely.

**PETITION DENIED.**